UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02859-JMS-MJD |
| | ) | |
| ZAYO GROUP, LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |

**ORDER**

Plaintiff CSX Transportation, Inc. ("CSX Transportation"), a railroad company, initiated this lawsuit against Defendant Zayo Group, LLC, ("Zayo Group"), a telecommunications company, alleging that Zayo Group installed fiber optic cables upon CSX Transportation's active railroad property in Indiana and Illinois without its authorization, resulting in damage to railroad equipment and infrastructure, and interference with railroad operations. [*See* Filing No. 9.]

Zayo Group moved to dismiss CSX Transportation's claims that arise out of conduct that occurred outside of Indiana based on: (1) lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); (2) improper venue under Federal Rule of Civil Procedure 12(b)(3); (3) the doctrine of *forum non conveniens*; and (4) failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [Filing No. 19.] After the parties fully briefed the Motion to Dismiss, [Filing No. 20; Filing No. 44;  Filing No. 48], Magistrate Judge Mark J. Dinsmore issued a Report and Recommendation, [Filing No. 57], in which he recommended that the Court deny Zayo Group's Motion to Dismiss. Zayo Group filed an Objection to certain aspects of the Report and Recommendation, [Filing No. 63], which is now fully briefed, [Filing No. 64; Filing No. 69; Filing No. 73].

1

Additionally, CSX Transportation has filed a Motion for Leave to Amend Complaint, [Filing No. 74], which Zayo Group maintains does not resolve the issues asserted in its Motion to Dismiss, [Filing No. 85].  The Court first addresses CSX Transportation's Motion for Leave to Amend Complaint, [Filing No. 74], before turning to Zayo Group's Objection to the Report and Recommendation.

## I.
### MOTION FOR LEAVE TO AMEND

**A.  CSX Transportation's Motion for Leave to Amend**

CSX Transportation has sought leave to amend its complaint, arguing that the proposed Second Amended Complaint "adds additional detail and specificity" regarding Zayo Group's alleged encroachments onto its property discovered during the pendency of this lawsuit.  [Filing No. 74 at 3-4]  Additionally, CSX Transportation argues that because Zayo Group "apparently continues and intends to continue making installations" on its property, the Second Amended Complaint adds claims for declaratory judgment.  [Filing No. 74 at 4.]  CSX Transportation argues that its motion was filed before the deadline for motions for leave to amend the complaint and, therefore, "there is no reason to deny the instant Motion."  [Filing No. 74 at 4.]

Zayo Group responds that it "does not contest that CSX [Transportation] may be granted leave to file their Second Amended Complaint," but argues that the proposed Second Amended Complaint "still asserts claims for conduct that occurred outside of the State of Indiana which Zayo [Group] contends are beyond the Court's personal jurisdiction."  [Filing No. 85 at 1.]  Zayo Group further responds that while the "proposed Second Amended Complaint identifies seven additional crossings with sufficient particularity as to adequately place Zayo [Group] on notice of the basis for the claims at those locations," CSX Transportation has also asserted claims that it "trespassed

at other undisclosed locations" which it argues "fail to state a claim for relief as previously argued" in its Motion to Dismiss.  [Filing No. 85 at 2.]

The amendment of pleadings by a party is governed by Rule 15 of the Federal Rules of Civil Procedure, which permits the amendment of a pleading only upon leave of the court or consent of the adverse party.  Fed. R. Civ. P. 15.  Rule 15 notes that leave should be freely given when justice requires.  Fed. R. Civ. P. 15.  In light of Zayo Group's consent, CSX Transportation's Motion for Leave to Amend Complaint, [74], is **GRANTED**.  CSX Transportation's Second Amended Complaint, [Filing No. 74-1], is hereby entered as the operative complaint in this matter.

### B.  The Impact of the Second Amended Complaint upon Zayo Group's Dismissal Arguments

Before turning to the Report and Recommendation, the Court will briefly address the impact of CSX Transportation's Second Amended Complaint upon Zayo Group's Motion to Dismiss.  As discussed above, Zayo Group maintains that the Second Amended Complaint contains claims which are beyond the personal jurisdiction of this Court and fail to state a claim for relief.  [Filing No. 85 at 1-2.]  CSX Transportation did not respond to Zayo Group's assertions regarding the impact of the Second Amended Complaint upon the Motion to Dismiss briefing.

"When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling." *Johnson v. Dossey*, 515 F.3d, 780 (7th Cir. 2007); *see also Flannery v. Recording Indus. Assoc. of America*, 354 F.3d, 638 n. 1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void.") For this reason, motions to dismiss are regularly denied as moot after an amended complaint is filed. *Trading Techs. Int'l, Inc. v. BGC Partners, Inc.*, 2010 WL 3272842, at *1 (N.D. Ill. Aug. 17, 2010) (collecting cases).

However, because Zayo Group has indicated that CSX Transportation's Second Amended Complaint "does not resolve the issues" identified previously in its Motion to Dismiss, [Filing No. 85 at 2], the Court will consider Zayo Group's Objection to the Report and Recommendation as it applies to the Second Amended Complaint.

## II.
### THE SECOND AMENDED COMPLAINT

The following are the factual allegations contained in the Second Amended Complaint, [Filing No. 74-1], which the Court must accept as true at this time.

CSX Transportation is "one of the largest railroad transportation companies in the United States," and "provides common carrier rail transportation services across . . . approximately 20,000 route miles of track in 23 states, the District of Columbia, and two Canadian provinces." [Filing No. 74-1 at 7.]  CSX Transportation's rail network is "highly interrelated" and "even minor disruptions or delays in one location . . . can have a ripple effect . . . across hundreds of miles in each direction from a single chokepoint." [Filing No. 74-1 at 7.]

CSX Transportation is subject to federal regulations regarding the safety of its rail operations, which require that CSX Transportation "regularly access and inspect" its rail infrastructure and facilities to ensure compliance with federal rules and regulations.  [Filing No. 74-1 at 7-8.]  Additionally, CSX Transportation has adopted policies and permitting requirements for installing utilities on, under, or over its active railroad property, which require an application for approval prior to the commencement of installation.  [Filing No. 74-1 at 8-9.]  CSX Transportation maintains that these policies are "necessary to avoid, among other things: (i) collisions between trains and persons or property; and (ii) damage or disruption to [its] rail infrastructure and signal systems that are critical to the safety of rail operations." [Filing No. 74-1 at 3.]

4

Zayo Group is a limited liability corporation that "installs fiber optic cables at various locations throughout the country and sells the bandwidth on these cables to other businesses and the public." [Filing No. 74-1 at 5-6; Filing No. 74-1 at 13.]  In furtherance of this, Zayo Group has been engaged in the installation of "a long haul dark fiber route from Indianapolis to St. Louis" (the "Indianapolis to St. Louis Route Installation"), which runs parallel to and intersects with CSX Transportation's "railroad operations at numerous locations in Indiana and Illinois." [Filing No. 74-1 at 9.]

CSX Transportation alleges that Zayo Group was "fully aware" of its safety and permitting requirements to make fiber optic installations on its property. [Filing No. 74-1 at 3-5.]  However, CSX Transportation alleges that Zayo Group failed to seek CSX Transportation's authorization prior to installation and, instead, engaged in a "pattern of commandeering and destroying" its property in order to complete fiber optic installations. [Filing No. 74-1 at 3-5.]

*1. Zayo Group's Installations in Indiana*

CSX Transportation alleges that Zayo Group made multiple unauthorized installations upon its property in Indiana in furtherance of the Indianapolis to St. Louis Route Installation, which damaged its property and interfered with its railroad operations. [Filing No. 74-1 at 11-35.]

a)      The Jackson Street Line

CSX Transportation's active railroad operations in Indiana include a rail line located near 2000 S. Jackson St., Greencastle, Indiana (the "Jackson Street Line"). [Filing No. 74-1 at 11.] While the Jackson Street Line is near a public right of way owned by the City of Greencastle, CSX Transportation maintains that the Jackson Street Line is not a part of a public right of way. [Filing No. 74-1 at 12-13.]  In August 2020, Zayo Group contacted CSX Transportation about a fiber optic installation that was "entirely within the public right-of-way across and along the railroad

corridor." [Filing No. 74-1 at 13.] CSX Transportation informed Zayo Group that its proposed installation was, in fact, not within the public right of way but instead on CSX Transportation's property. [Filing No. 74-1 at 13-15.] However, Zayo Group responded that it had "'already placed' the conduit for the fiber optic line without [CSX Transportation's] permission." [Filing No. 74-1 at 15.]

CSX Transportation alleges that Zayo Group's unauthorized installation violated its policies and federal safety requirements and that Zayo Group's actions resulted in damage to railroad infrastructure and equipment that has, and continues to, interfere with railroad operations. [Filing No. 74-1 at 16.] CSX Transportation maintains that it attempted to negotiate a licensing agreement with Zayo Group, but Zayo Group refused, claiming that their installation was within the public right of way. [Filing No. 74-1 at 16-18.] CSX Transportation asserts that Zayo Group continues to make additional fiber optic installations within CSX Transportation's property along the Jackson Street Line, including during this litigation. [Filing No. 74-1 at 16-21.]

b)    Concealed Incursions in Indiana

In furtherance of the Indianapolis to St. Louis Route Installation, CSX Transportation alleges that Zayo Group made applications to install fiber optic cables upon portions of its property that were "purportedly abandoned," but, despite lacking CSX Transportation's approval, Zayo Group made installations at these locations (the "Concealed Incursions"). [Filing No. 74-1 at 25-26.] The Concealed Incursions in Indiana include: (1) CSX835536 in Greencastle, Indiana; (2) CSX835717 in Greencastle, Indiana; and (3) CSX865910 in Indianapolis, Indiana. [Filing No. 74-1 at 31-35.] CSX Transportation alleges that these installations were made without "any" safety precautions and represent a "continuing interference" with its railroad operations. [Filing No. 74-1 at 31-35.]

2. *Zayo Group's Installations in Illinois*

Similarly, CSX Transportation alleges that Zayo Group has made additional unauthorized installations in Illinois as part of the Indianapolis to St. Louis Route Installation, which resulted in damages to its property and interfered with its railroad operations.  [Filing No. 74-1 at 11-35.]

a)     The Montrose Line

In October 2021, CSX Transportation alleges that Zayo Group "attempted to perform directional boring work" on its property near Montrose, Illinois as part of the Indianapolis to St. Louis Route Installation.  [Filing No. 74-1 at 24.]  CSX Transportation alleges that this work was unauthorized and resulted in Zayo Group's boring equipment striking and destroying "several key pieces" of railroad infrastructure.  [Filing No. 74-1 at 24.]  These activities "significantly hampered and interfered with" CSX Transportation's operations.  [Filing No. 74-1 at 25.]

b)     Other Concealed Incursions in Illinois

Similar to the alleged Concealed Incursions in Indiana, CSX Transportation alleges that Zayo Group has made other Concealed Incursions on its property in Illinois.  [Filing No. 74-1 at 26-31.]  The alleged Concealed Incursions in Illinois include: (1) CSX918030 in Bear Grove Township, Illinois; (2) CSX918044 in Central Township, Illinois; (3) CSX923144 in East Saint Louis Township, Illinois; and (4) CSX924231 in East Saint Louis, Illinois.  [Filing No. 74-1 at 26-31.]  CSX Transportation alleges that each of these installations was part of the Indianapolis to St. Louis Route Installation and that Zayo Group failed to take the necessary safety precautions.  [Filing No. 74-1 at 26-31.]  CSX Transportation further alleges that each of these installations constitutes a continuing interference upon its operations, and that Zayo Group indicated that it intends to make additional installations at these sites.  [Filing No. 74-1 at 26-31; Filing No. 74-1 at 37-38.]

### 3.  *Zayo Group's Installations in Presently Unknown Locations*

Finally, CSX Transportation alleges that Zayo Group has made additional Concealed Incursions as part of the Indianapolis to St. Louis Route Installation, which it "has not yet discovered, and could not, through the exercise of ordinary diligence, have discovered." [Filing No. 74-1 at 36.]  CSX Transportation alleges that "[d]iscovery will reveal the full extent of [Zayo Group's] associated misconduct." [Filing No. 74-1 at 37.]

CSX Transportation alleges that each of the aforementioned unauthorized installations was done knowingly, intentionally, and in "a malicious manner" as part of "an overarching plan and scheme to appropriate large swaths of [its] railroad property through self-help, without [its] authorization, and in contravention of the law." [Filing No. 74-1 at 38.]  CSX Transportation seeks recovery under the following theories: (1) criminal trespass; (2) railroad mischief; (3) deception; (4) theft and criminal conversion; (5) civil trespass to land; (6) civil trespass to chattel; (7) unjust enrichment; (8) "rent"; and (9) declaratory judgment.  [Filing No. 74-1 at 44-56.]

### III.
### ZAYO GROUP'S OBJECTION TO THE REPORT AND RECOMMENDATION

#### A.  Standard of Review

Federal Rule of Civil Procedure 72(b) permits a magistrate judge to "hear . . . pretrial matter[s] dispositive of a claim or defense" and to "enter a recommended disposition."  Fed. R. Civ. P. 72(b).  Upon timely objection to a report and recommendation on a dispositive issue, the district judge must give a fresh look to "any part of the magistrate judge's disposition that has been properly objected to," and may thereafter "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*  The Seventh Circuit has explained that the *de novo* review required by Rule 72(b) "is not the same as a *de novo* hearing.  The district court is not required to conduct another hearing to review the

magistrate judge's findings or credibility determinations." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) (emphasis and citations omitted).  Where appropriate, the district court may "take additional evidence" or conduct additional proceedings, "[b]ut if following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Id.*  When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.  *Kruger v. Apfel*, 214 F.3d 784, 786–87 (7th Cir. 2000).

**B.  Zayo Group's Dismissal Arguments**

Zayo Group seeks dismissal of CSX Transportation's claims based on conduct that occurred outside of Indiana, which includes claims for conduct related to: (1) the Montrose Line; (2) the Concealed Incursions in Illinois; and (3) the Concealed Incursions in presently unknown locations.  [Filing No. 19; Filing No. 20.]  Zayo Group argues that dismissal is appropriate based on: (1) lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); (2) improper venue under Federal Rule of Civil Procedure 12(b)(3); and (3) the doctrine of *forum non conveniens*.  [Filing No. 19; Filing No. 20.]  Additionally, Zayo Group seeks to dismiss CSX Transportation's claims regarding the Concealed Incursions at presently unknown locations for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  [Filing No. 19; Filing No. 20; Filing No. 58.]  As discussed above, Magistrate Judge Dinsmore has submitted a Report and Recommendation recommending that Zayo Group's Motion to Dismiss be denied, [Filing No. 57], and Zayo Group has objected to certain aspects of the Report and Recommendation, [Filing No. 63].  The Court will address each issue in turn.

### 1. *Personal Jurisdiction over the Non-Indiana Conduct*

Zayo Group argues that dismissing CSX Transportation's claims for non-Indiana based conduct is appropriate because this Court lacks personal jurisdiction over it with respect to these claims. [Filing No. 20 at 9.] Specifically, Zayo Group argues that this Court lacks general personal jurisdiction over it because it is not "at home" in Indiana as a Delaware limited liability company whose sole member is a Delaware corporation with a principal place of business in Colorado. [Filing No. 20 at 9.] Zayo Group further argues that this Court lacks specific personal jurisdiction over its alleged activities outside of the state of Indiana because these claims "do not arise from [its] forum related activities in Indiana" and exercising personal jurisdiction over these claims would violate the principles of fair play and substantive justice. [Filing No. 20 at 10-12.]

CSX Transportation responds that this Court has personal jurisdiction over Zayo Group concerning its non-Indiana based claims because Zayo Group's alleged misconduct in Illinois was "part of the Vandalia, Illinois to Brazil, Indiana build segment," and Zayo Group was aware that its destruction in Illinois would cause harm to CSX Transportation in Indiana due to the interrelatedness of its rail lines. [Filing No. 44 at 13-17.] CSX Transportation further responds that even if the Court determines that it does not independently have personal jurisdiction over its claims outside of Indiana, the Court has personal jurisdiction over its non-Indiana based claims under the doctrine of pendent personal jurisdiction because its claims "were part of the same continuous fiber optic line and thus arose out of a common nucleus of facts." [Filing No. 44 at 17-20.]

Zayo Group replies that CSX Transportation's argument that its conduct "was expressly aimed at Indiana, if accepted, would provide essentially no territorial limits for bringing this claim" because Zayo Group's "fiber optic network is quite expansive, currently spanning across nearly

every state in the continental United States" and "would open the door for defendants such as [Zayo Group] to be sued in virtually any state in which they provide services for any conduct that could affect their networks, regardless of where the particular conduct in question allegedly occurred." [Filing No. 48 at 6-7.]  Zayo Group further argues that while CSX Transportation "tries to manufacture commonality," its claims arise from "wholly separate" facts, involve "separate segments of a vast fiber optic route," and occurred at different times.  [Filing No. 48 at 11-13.]

In his Report and Recommendation, Magistrate Judge Dinsmore notes that CSX Transportation's claims each arise from Zayo Group's "alleged failure to follow [its] policies and permitting requirements during the installation of fiber optic cables" upon its property.  [Filing No. 57 at 10.]  Accordingly, Magistrate Judge Dinsmore recommends that "[r]egardless of the incident location, the foundational footing remains the same; the claims share the same parties, the same procedures that were ignored, the same kind of unauthorized activities, and the same overarching property" which is "sufficient for the application of pendent personal jurisdiction."  [Filing No. 57 at 10.]  While Zayo Group "loses nothing by being subject to pendent personal jurisdiction in this Court," Magistrate Judge Dinsmore observes that trying CSX Transportation's claims in "a single case would eliminate the burden on [CSX Transportation] of having to file a second lawsuit in another state that is largely dependent on the same facts, avoid the burden of two courts adjudicating what is essentially one dispute, and uphold [CSX Transportation's] interest in seeking swift relief."  [Filing No. 57 at 10-11.]

Zayo Group argues in its Objection to Magistrate Judge Dinsmore's Report and Recommendation that while "the Seventh Circuit may have discussed the application of pendent jurisdiction in some circumstances, it is not a doctrine that has been recognized by the Supreme Court" and the Seventh Circuit's application of pendent jurisdiction predates the Supreme Court's

opinion in *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.,* 137 S. Ct. 1773, 1779 (2017). [Filing No. 64 at 3-6.] Zayo Group further argues that it is inappropriate to apply pendent personal jurisdiction in diversity cases where the anchor claim is a state law claim and the conduct at issue occurred in two different states. [Filing No. 64 at 7-9.]

CSX Transportation responds that Zayo Group "waived its objections to pendent personal jurisdiction's applicability to diversity cases and waived its attempted application of *Bristol-Myers*" by failing to raise these arguments in support of its Motion to Dismiss. [Filing No. 69 at 4-5.] CSX Transportation further argues that even if these arguments are not waived, Magistrate Judge Dinsmore properly determined that the doctrine of pendent jurisdiction applies in diversity cases and that the claims involved in this case arise from a common course of conduct. [Filing No. 69 at 5-10.]

Zayo Group replies that it has not waived the argument because it "made these exact arguments in its briefing to the Magistrate [Judge]." [Filing No. 73 at 1-2.] Zayo Group further replies that even if the Court were to accept that the doctrine of pendent jurisdiction applied in this instance, the Court should "exercise its discretion to deny the application of pendent personal jurisdiction" because of the potential that it would not be able to add the contractor that was responsible for the [Montrose Line] installation in this matter as a third-party defendant." [Filing No. 73 at 6.]

At the outset, the Court finds that Magistrate Dinsmore's observation well taken that "[t]his case raises the interesting question of what constitutes a claim in the personal jurisdiction context" because "[i]t is not at all clear whether [CSX Transportation's] assertions of Illinois conduct and Indiana conduct are in fact separate claims, or whether they are simply factual allegations underlying [CSX Transportation's] claims (Counts) for trespass, etc." [Filing No. 57 at 11.]

However, because the parties did not raise this issue, the Court declines to "venture down this rabbit hole" as well.  [Filing No. 57 at 11.]

"A federal district court's personal jurisdiction over a defendant is established in a diversity-jurisdiction case . . . only so long as the defendant is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." *N. Grain Mktg., LLC v. Greving,* 743 F.3d 487, 491 (7th Cir. 2014).  Indiana Trial Rule 4.4(A) serves as Indiana's long-arm provision and expands personal jurisdiction to the full extent permitted by the Due Process Clause. *See LinkAmerica Corp. v. Cox,* 857 N.E.2d 961, 965-66 (Ind. 2006).  "Thus, the statutory question merges with the constitutional one—if [Indiana] constitutionally may exercise personal jurisdiction over a defendant, its long-arm statute will enable it to do so." *N. Grain,* 743 F.3d at 492.  "The federal constitutional limits of a court's personal jurisdiction in a diversity case are found in the Fourteenth Amendment's due-process clause." *Id.*

There are two types of personal jurisdiction: (1) general jurisdiction, when a defendant's contact with a particular forum is so extensive that it may be sued in that forum for any cause of action arising in any place; and (2) specific jurisdiction, when the "claims against the defendant arise out of the defendant's constitutionally sufficient contacts with the state." *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010).  "More limited contacts may subject the defendant only to specific personal jurisdiction, in which case the plaintiff must show that its claims against the defendant arise out of the defendant's constitutionally sufficient contacts with the state." *Id.*  Here, CSX Transportation does not contend that Zayo Group is subject to general jurisdiction in Indiana, and the Court agrees that it is not. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011) (citing *Int'l. Shoe Co. v. State of Wash., Office of*

*Unemployment Compensation and Placement*, 326 U.S. 310, 317 (1945)). Therefore, the Court will focus its analysis on whether specific jurisdiction exists in this case.

Specific personal jurisdiction exists when the cause of action "arise[s] out of or [is] related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). "'Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities.'" *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010)(quoting *Burger King Corp. v. Rudzewic*z, 471 U.S. 462, 472 (1985)). Where, as here, the plaintiff's claims are for intentional torts, "the inquiry focuses on whether the conduct underlying the claims was purposely directed at the forum state." *See Tamburo*, 601 F.3d at 702 (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)).

In *Bristol-Myers Squibb*, the Supreme Court clarified that, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.' For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Bristol-Myers Squibb Co*., 137 S. Ct. at 1780 (quoting *Goodyear*, 564 U.S. at 919). When personal jurisdiction is raised on a motion to dismiss, the plaintiff bears the burden of establishing personal jurisdiction but need only make a *prima facie* showing of jurisdictional facts. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003).

Here, CSX Transportation alleges that Zayo Group engaged in "an overarching plan and scheme to appropriate large swaths of [its] railroad property through self-help, without [its]

14

authorization, and in contravention of the law" in furtherance of the Indianapolis to St. Louis Route

Installation.  [Filing No. 74-1 at 38.]  While Zayo Group argues that the Court lacks jurisdiction

over it regarding the portions of the alleged scheme which occurred in Illinois, the Seventh Circuit

and other circuits have recognized the doctrine of pendent personal jurisdiction, which permits a

court to exercise jurisdiction over a claim for which there is no independent basis of personal

jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same

suit over which the court does have personal jurisdiction.  *Robinson Eng'g Co. Pension Plan & Tr.

v. George*, 223 F.3d 445, 450 (7th Cir. 2000); *see also Charles Schwab Corp. v. Bank of America

Corp*., 883 F.3d 68, 88 (2nd Cir. 2018); *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir.

2002); *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1362 (Fed. Cir. 2001); *ESAB Grp. v. Centricut,

Inc.,* 126 F.3d 617, 628 (4th Cir. 1997); *but see Seiferth v. Helicopteros Atuneros, Inc*., 472 F.3d

266, 275 n.6 (5th Cir. 2006) ("There is no such thing as supplemental specific personal

jurisdiction" in the Fifth Circuit.  As the Ninth Circuit has explained, the doctrine promotes

"judicial economy, avoidance of piecemeal litigation, and [the] overall convenience of the parties"

because "[w]hen a defendant must appear in a forum to defend against one claim, it is often

reasonable to compel that defendant to answer other claims in the same suit arising out of a

common nucleus of operative facts."  *Action Embroidery Corp. v. Atl. Embroidery, Inc*., 368 F.3d

1174, 1181 (9th Cir. 2004); *see also Rice v. Nova Biomedical Corp.,* 763 F. Supp. 961, 966 (N.D.

Ill. 1991).

The Court notes that some courts have interpreted the Seventh Circuit's holding in

*Robinson* to limit the application of pendent personal jurisdiction to only federal question cases

where a federal statute authorizes nationwide service of process.  *See, e.g., Mackey v. IDT Energy,

Inc.,* 2020 WL 108431, at *2 (N.D. Ill. Jan. 9, 2020).  However, the *Robinson* analysis turned on

whether the pendent claim arose out of the same nucleus of operative facts as the non-pendent claim. *Robinson*, 223 F.3d at 449. Further, courts within the Seventh Circuit have applied the doctrine of pendent personal jurisdiction in diversity cases based purely on state law. *Doe v. Cotterman*, 2018 WL 1235014, at *5 (N.D. Ill. Mar. 9, 2018); *Jackson v. N'Genuity Enterprises, Co.*, 2010 WL 3025015, at *6 (N.D. Ill. Aug. 2, 2010); *Rice*, 763 F.Supp. at 966.

Based on the new allegations in the Second Amended Complaint, the Court finds that the application of the doctrine of pendent personal jurisdiction is appropriate in this case. CSX Transportation's claims each arise from the same nucleus of operative fact – namely, that Zayo Group purportedly installed fiber optic cables upon CSX Transportation's property without its permission.[1] [Filing No. 74-1.] CSX Transportation has further asserted that the conduct at issue was all a part of Zayo Group's completion of the Indianapolis to St. Louis line. [Filing No. 74-1 at 9.] Accordingly, the Court finds that the interest of justice would be best served by trying what has been alleged to be a singular scheme in furtherance of a singular fiber optic route together – rather than requiring the same parties to simultaneously try the individual components of the alleged scheme in different courts.

Accordingly, Zayo Group's Objection to the portion of Magistrate Judge Dinsmore's Report and Recommendation concluding that the Court has personal jurisdiction over the claims relating to non-Indiana based conduct is **OVERRULED**. Magistrate Judge Dinsmore's Report and

---

[1] The Court notes that Zayo Group argues that the Montrose Line installation "involves the accidental installation in the wrong location by a contractor, who is not a party to this lawsuit" and that the application of pendent personal jurisdiction in this case would "effectively preclude[]" it from "bringing third-party actions against those contractors." [Filing No. 64 at 12-14.] It appears to the Court that Zayo Group is referring to potential claims against Milenium, Inc., a Michigan corporation. [Filing No. 20 at 4-6; Filing No. 20-1 at 3.] However, Zayo Group's non-party claims are not presently before the Court. Therefore, the Court declines to make a jurisdictional ruling based upon hypothetical circumstances.

Recommendation is **ADOPTED** to the extent that Zayo Group's Motion to Dismiss is **DENIED** as it relates to personal jurisdiction over the non-Indiana based conduct.

2. *Proper Venue*

The Court notes that Zayo Group has seemingly abandoned its dismissal arguments regarding venue.  [*See* Filing No. 64; Filing No. 85.]  Zayo Group initially argued in its Motion to Dismiss that venue over the non-Indiana based conduct is improper in this District because "[n]one of the events giving rise to [the] Illinois claims occurred in the State of Indiana" and "this Court lacks personal jurisdiction over [it] in the State of Indiana with respect to the events that occurred in the State of Illinois."  [Filing No. 20 at 16-17.]  However, Zayo Group failed to object to the portions of Magistrate Judge Dinsmore's Report and Recommendation that recommended that venue was appropriate in this Court pursuant to the doctrine of pendent venue and Zayo Group failed to respond to CSX Transportation's argument that it had waived these arguments.  [Filing No. 57 at 14-15; Filing No. 64; Filing No. 69 at 10; Filing No. 73.]

In any event, the Court agrees with Magistrate Judge Dinsmore's conclusion that venue is appropriate in this Court.  A plaintiff may bring a federal lawsuit in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  However, venue may be appropriate in more than one district, and "the fact that another district could also be such a proper venue does not eliminate the propriety of this one."

*Hill v. White Jacobs & Associates, Inc.,* 2015 WL 1717431, at *2 (S.D. Ind. Apr. 15, 2015).  Courts

17

within this Circuit have recognized that "a claim that is not properly venued standing alone still can be heard by a court as long as another properly venued claim arising out of a common nucleus of operative facts also is brought at the same time in the same district" and the interests of judicial economy would be furthered by hearing the claims together. *Solomon v. Wardlaw Claim Serv., LLC*, 2018 WL 3715690, at \*4 (N.D. Ind. Aug. 3, 2018) (citing *Pacer Global Logistics, Inc. v. National Passenger R.R. Corp.*, 272 F.Supp.2d 784, 789 (E.D. Wis. 2003)).

Here, as discussed above, CSX Transportation has alleged in the Second Amended Complaint that Zayo Group engaged in a pattern of misconduct both within and outside of Indiana. CSX Transportation has further alleged that a substantial part of the events or omissions giving rise to its claim occurred within this District. These allegations each contain a common nucleus of fact. "If two or more claims arise out of the same set of facts, it is wasteful of judicial resources and unfair to one of more of the parties to require that the claims be litigated in separate judicial districts." *Pacer*, 272 F.Supp.2d at 789.

Accordingly, the Court finds that the interests of judicial economy would be furthered by hearing CSX Transportation's claims together. Therefore, the Court **ADOPTS** the portions of the Report and Recommendation to the extent that it concludes that venue is proper in this Court, and Zayo Group's Motion to Dismiss as it relates to venue is **DENIED**.

### 3. *The Doctrine of Forum Non Conveniens*

As with Zayo Group's venue arguments, Zayo Group has also failed to object to the portions of Magistrate Judge Dinsmore's Report and Recommendation that discuss the doctrine of *forum non conveniens*. [Filing No. 64.]

The doctrine of *forum non conveniens* "empowers a court to dismiss a suit when litigating in that court as opposed to an alternative forum unreasonably burdens the defendant." *Instituto*

*Mexicano del Seguro Soc. v. Zimmer Biomet Holdings, Inc.*, 29 F.4th 351, 357 (7th Cir. 2022) (citing *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429–30 (2007), and *U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 750 (7th Cir. 2008)).  A district court may exercise its discretion and dismiss a case for *forum non conveniens* when (1) "an alternative forum has jurisdiction to hear [the] case" and (2) a trial in the chosen forum would prove disproportionately oppressive and vexatious to the defendant as compared to the plaintiff's convenience, or "the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.'"  *Sinochem*, 549 U.S. at 432 (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447–48 (1994)) (alterations original).  The doctrine of *forum non conveniens* is "an exceptional one that a court must use sparingly." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 805 (7th Cir. 2016).

The Court agrees with Magistrate Judge Dinsmore's recommendation that this Court is "barely a more inconvenient forum than the Southern District of Illinois" for Zayo Group, and any inconvenience "pales in comparison to the burden that would be forced upon" CSX Transportation if required to try its claims in separate courts.[2]  [Filing No. 57 at 16-18.]  The Montrose Line is located within the Southern District of Illinois' Benton Division.  Benton, Illinois is only 31 miles closer to Montrose, Illinois than the present Court in Indianapolis, IN.[3]  This marginal difference

---

[2] The Montrose Line and the presently identified Concealed Incursions in Illinois all occurred in the Southern District of Illinois.  *See* Southern District of Illinois Division of Counties, *available at:* https://www.ilsd.uscourts.gov/TheCourt.aspx (last accessed June 2, 2022).  However, the Court notes that there are three federal district courts located within the State of Illinois.

[3] The Court properly takes judicial notice of and draws its distance estimates from Google Maps, "a source whose accuracy cannot reasonably be questioned, at least for the purpose of determining general distances." *Cloe v. City of Indianapolis*, 712 F.3d 1171, 1177 (7th Cir. 2013), *overruled on other grounds by Ortiz v. Werner Enterprises, Inc.,* 834 F.3d 760 (7th Cir. 2016); *Brown v. Robinett*, 2021 WL 663378, at *7 n.10 (S.D. Ind. Feb. 19, 2021).

inconvenience does not justify the burden of forcing CSX Transportation to separately try its related allegations in different courts.  As discussed above, CSX Transportation alleges that Zayo Group's actions – both inside and outside of Indiana – were all a part of "an overarching plan and scheme" in furtherance of the Indianapolis to St. Louis Route Installation.  [Filing No. 74-1.]  As Magistrate Judge Dinsmore astutely observed, requiring CSX Transportation to separately try the different manifestations of Zayo Group's alleged scheme in separate courts would be "a profound waste of judicial resources and a detriment to judicial economy."  [Filing No. 57 at 17.]

Accordingly, the Report and Recommendation is **ADOPTED** to the extent that it concludes that the doctrine of *forum non conveniens* is not a proper bases for dismissal of any of the claims in this action, and Zayo Group's Motion to Dismiss as it relates to doctrine of *forum non conveniens* is **DENIED**.

### 4.   *The Concealed Incursion Claims*

Zayo Group argues that CSX Transportation's Concealed Incursions claims at presently undisclosed locations failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) because these claims "fail[] to set forth when and where these alleged trespasses occurred" or "identify the property that CSX [Transportation] alleges was damaged."  [Filing No. 20 at 13-14.]

CSX Transportation responds that Zayo Group's "own concealment" is why it does not presently know of all the locations of Zayo Group's misconduct as part of the Indianapolis to St. Louis Route Installation, and that this information is "peculiarly within the knowledge" of Zayo Group.  [Filing No. 44 at 24-25.]  Accordingly, CSX Transportation argues that dismissal of its claims that occurred at presently unknown locations is inappropriate because discovery is ongoing. [Filing No. 44 at 25-26.]

Zayo Group replies that CSX Transportation's claims for conduct that occurred at unknown locations should be dismissed because a "sophisticated company such as [CSX Transportation] surely has the ability to identify the location of all underground facilities on its own property" and, accordingly, it should have performed "an adequate investigation" or "asked [Zayo Group] before it filed suit." [Filing No. 48 at 16-18.]

Magistrate Judge Dinsmore recommends that dismissal for failure to state a claim is unwarranted because Zayo Group is "properly on notice" regarding these claims, "the details of which are appropriately borne out in discovery." [Filing No. 57 at 13.]

Zayo Group filed an Objection to Magistrate Judge Dinsmore's Report and Recommendation, arguing that it is "completely in the dark regarding the basis" for CSX Transportation's Concealed Incursion claims and now finds itself "having to defend a negative," and being "subjected to invasive discovery requests while [CSX Transportation] goes fishing for evidence of some evidence of wrongdoing." [Filing No. 64 at 19.]

CSX Transportation responds that "[t]he Magistrate Judge has established a rigorous discovery schedule designed to permit [CSX Transportation] to 'utilize[] the discovery process' to determine 'specific details of all Zayo [Group] installations in Indiana and Illinois over the past five years'" and the Court "should permit this process to proceed." [Filing No. 69 at 10 (citing Filing No. 57 at 12).]

Zayo Group replies that if CSX Transportation had "a legitimate basis under Rule 11 to file a claim based on these other alleged trespasses, then it could at a minimum identify the location of these claims." [Filing No. 73 at 8.]

The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551

U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007.)).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Supreme Court has clarified that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 555.).  When determining if a complaint meets this standard, the Court must determine whether the complaint contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.  Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation(s) of the elements of a cause of action" are insufficient. *Id.* To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

As Zayo Group correctly points out, Rule 11 requires that the parties' "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11.  While this obligation intersects with the Rule 8(a) pleading standard, Rule 11 does not displace the pleading standard – it simply requires that a party have a good faith basis for the allegations they assert. *See* Fed. R. Civ. P. 11.  Accordingly, federal courts have consistently recognized that pleading upon information and belief, as CSX Transportation has done, is appropriate when the evidence that would support an allegation lies exclusively in the hands of the defendant. *Bilek v. Fed. Ins. Co*., 8 F.4th 581, 585 (7th Cir. 2021); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 528–29 (7th Cir. 2015).

Here, CSX Transportation has alleged that Zayo Group engaged in a pattern of misconduct specifically related to the Concealed Incursions as part of the Indianapolis to St. Louis Route Installation, which was completed on November 16, 2021.  [Filing No. 74-1 at 9; Filing No. 74-1 at 35-36.]  CSX Transportation has identified the manner in which the Concealed Incursions occurred – Zayo Group purportedly abandoning permitting applications to instead install utilities upon CSX Transportation's property without CSX Transportation's authorization – and has identified seven specific instances, including locations and coordinates, where it alleges that Concealed Incursions occurred.[4]  [Filing No. 74-1 at 35-39.]  CSX Transportation has further alleged that it believes that other Concealed Incursions occurred at other presently unknown locations that it could not, through the exercise of ordinary diligence, have discovered, but it is engaged in discovery that will "reveal the full extent of [Zayo Group's] associated misconduct." [Filing No. 74-1 at 38-39.]

Even though some of the details of these allegations are presently unknown, CSX Transportation has sufficiently alleged enough information to put Zayo Group on notice of the nature of the claims asserted against it.  As the Seventh Circuit has observed, "a plaintiffs' pleading burden should be commensurate with the amount of information available to them.  We cannot expect, nor does [Rule 8] require, a plaintiff to plead information [that it] could not access without discovery."  *Runnion,* 786 F.3d at 528–29 (internal quotations and citations omitted).  Here, CSX Transportation is engaged in the discovery process to determine the specific details of the alleged Concealed Incursions at presently undisclosed locations.  If the discovery process does not yield

---

[4] Zayo Group concedes in its Response to Plaintiff's Motion for Leave to Amend Complaint that the seven specifically identified Concealed Incursions were identified with "sufficient particularity as to adequately place Zayo [Group] on notice of the basis for the claims at those locations." [Filing No. 85 at 1-2.]

support for CSX Transportation's Concealed Incursions claims, Zayo Group may pursue Summary Judgment as appropriate under Rule 56.

Accordingly, the Court **OVERRULES** Zayo Group's Objection to the Report and Recommendation to the extent it finds that dismissal of the Concealed Incursion claims related to undisclosed locations is not appropriate at this time. Therefore, Magistrate Judge Dinsmore's Report and Recommendation is **ADOPTED** and Zayo Group's Motion to Dismiss is **DENIED** as it relates failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## IV.
## CONCLUSION

For the foregoing reasons, the Court:

- **GRANTS** CSX Transportation's Motion for Leave to Amend Complaint, [74];

- **OVERRULES** Zayo Group's Objection to Magistrate Judge Dinsmore's Report and Recommendation, [63];

- **ADOPTS** Magistrate Judge Dinsmore's Report and Recommendation, [57]; and

- **DENIES** Zayo Group's Motion to Dismiss, [19].

The Clerk is **DIRECTED** to docket CSX Transportation's Second Amended Complaint, [Filing No. 74-1], as a separate docket entry. The Court requests that the Magistrate Judge continue to regularly conduct status conferences as he has been.

Date: 6/3/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

24

**<u>Distribution via ECF only to all counsel of record</u>**