UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., | ) |
| *Plaintiff,* | ) ) ) |
| *vs.* | ) No. 1:21-cv-02859-JMS-MJD ) |
| ZAYO GROUP, LLC, | ) ) |
| *Defendant.* | ) ) |
| ZAYO GROUP, LLC, | ) ) |
| *Third-Party Plaintiff,* | ) ) |
| *vs.* | ) ) |
| MILENIUM INC. and CROSSROADS COMMUNICATIONS SOLUTIONS, LLC, | ) ) ) |
| *Third-Party Defendants.* | ) |

**ORDER**

Defendant/Third-Party Plaintiff Zayo Group, LLC ("Zayo") has filed an Amended Third-Party Complaint against Third-Party Defendants Crossroads Communications Solutions, LLC ("Crossroads") and Milenium Inc., alleging that this Court has diversity jurisdiction over the Third-Party Complaint,[1] [Filing No. 125], and Crossroads has filed its Answer, [Filing No. 147]. While Zayo's Third-Party Complaint properly pleads factual allegations supporting the existence of diversity jurisdiction, Crossroads' Answer either denies some or all of those allegations, or states that Crossroads does not have sufficient information to admit those allegations. This

---

[1] Zayo does not assert that the Court has supplemental jurisdiction over the Third-Party Complaint under 28 U.S.C. § 1367.

1

leaves the Court unable to determine whether the facts upon which diversity jurisdiction over the Third-Party Complaint is based are disputed.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).  The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists.  *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Accordingly, in order for the Court to determine whether it has diversity jurisdiction over the Third-Party Complaint, Zayo and Crossroads are **ORDERED** to conduct whatever investigation is necessary and file a joint jurisdictional statement by **August 31, 2022**, properly setting forth each party's citizenship and whether the amount in controversy exceeds $75,000, exclusive of interest and costs.  If agreement cannot be reached on the contents of a joint jurisdictional statement, competing statements must be filed by that date.[2]

---

[2] Although this is the first jurisdictional order in this case directed at Crossroads, the Court has already issued several orders in this case addressing how to properly plead diversity jurisdiction and indicating that disagreement concerning the allegations underlying diversity jurisdiction would prompt the Court to require further action by the parties.  [*See* Filing No. 7; Filing No. 112 at 2-3 ("The Court strongly cautions all parties that statements regarding jurisdiction in filings which contradict the parties' representations in other filings will prompt the Court to require further action to correct, clarify, or explain those inconsistencies. Accordingly, such statements should not be made without thorough investigation."); Filing No. 122.]  A diligent review of the docket by Crossroads before filing its Answer would have alerted it to the fact that its denial of jurisdictional allegations would be problematic, and would have prevented the Court and the parties from having to expend further time and resources addressing the issue.

Date: 8/10/2022

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**