UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02859-JMS-MJD |
| ) | |
| ZAYO GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Plaintiff's Motion to Compel Complete, Accurate, and Immediate Discovery Compliance. [Dkt. 135.] The Court held a hearing on the motion on August 17, 2022, and, being duly advised, now **GRANTS IN PART** and **DENIES IN PART** the motion for the reasons and to the extent set forth below.

**I. Background**

Plaintiff, a railroad company, alleges in this case that Defendant, a telecommunications company, installed fiber optic cables on various properties owned by Plaintiff without Plaintiff's authorization.

At issue in the instant motion to compel is the adequacy of Defendant's response to two of Plaintiff's interrogatories. Interrogatory No. 1 reads:

> Identify and Describe all Relevant Zayo Installations during each of the past five (5) years in the states of Indiana or Illinois. Please include a geographic reference point for each Relevant Zayo Installation, for example, a nearby DOT Crossing Number, an approximate street address, or approximate GPS coordinates.

[Dkt. 54-2 at 9.] Interrogatory No. 2 reads:

> For each Relevant Zayo Installation Identified in response to Interrogatory No. 1, Identify and Describe each and every CSXT approval, permit, authorization, contract, agreement, consent, or license for the Installation. If there are no such approvals, permits, authorizations, contracts, agreements, consents, or licenses for any Relevant Zayo Installation, so state for each applicable Relevant Zayo Installation.

*Id.* at 9-10.  The following definitions are relevant to these interrogatories:

1. "Relevant Zayo Installations" is defined as

   > (1) the Jackson Installation, (2) the Montrose Installation, and (3) any Installation by Zayo, at the direction of Zayo, on behalf of Zayo, to benefit Zayo, or funded in whole or in part by Zayo: (A) on, within, over, under, or through CSXT Property; (B) on, within, over, under, through, or to CSXT Components; or (C) within fifty feet (50') of CSXT Property or CSXT Components.

*Id.* at 8.

2. "CSXT Property" is defined as

   > any real property owned or controlled by CSXT on which CSXT's railroad rights of way are situated and/or upon which CSXT conducts rail transportation activities.  It also includes any ancillary property owned or controlled by CSXT.  You should construe the term 'CSXT Property' in its broadest possible sense.  For the purposes of these Interrogatories, at least any property appearing on the following map should be considered 'CSXT Property,' which map is for illustrative purposes only and which map is not intended to be an exhaustive or complete listing: https://www.csx.com/index.cfm/customers/maps/csx-system-map/.

*Id.* at 7.

3. "CSXT Components" is defined as

   > any rails, switches, roadbeds, viaducts, bridges, trestles, culverts, embankments, railroad signal systems, train control systems, centralized dispatching systems, highway railroad grade crossing warning signals, locomotives, railroad cars, trains, and/or equipment installed, operated, and/or maintained: (1) by CSXT, or (2) on, around, under, through, or over any CSXT Property.

*Id.*

## II. Discussion

Defendant responded to Interrogatory No. 1 by providing three .kmz files which can be opened in Google Earth. Once opened, the data in those files is overlaid over the images in Google Earth.

Defense counsel provided a demonstration of the .kmz files during the hearing. Each of Defendant's fiber optic installation points that are within approximately 150 feet of the center of a property in which Plaintiff claims a property interest[1] is identified using a naming convention that is unique to Defendant (hereinafter referred to as an "Identifier"). The Identifiers are listed along the left side of the user's screen. The user can click on any Identifier and the program zooms in to the location of that particular fiber optic installation, which is identified by a colored line on the screen. A line of a different color identifies approximately where Plaintiff's property is at that location. A pop-up screen contains additional information about each installation once the user has zoomed in to view it.

Plaintiff argues in its motion that the .kmz files did not adequately respond to Interrogatory No. 1. The Court disagrees. It appears that the bulk of the issues Plaintiff had with the accessibility of the information provided in the files could have been resolved by reasonable communication between counsel. That is not to say that the .kmz files are perfect and, as discussed below, some adjustment to them is in order, but the Court finds that the .kmz files as produced satisfied Defendant's obligation pursuant to Federal Rule of Civil Procedure 33(d),

---

[1] Defendant acknowledges that it may have overidentified Plaintiff's properties, in that, for example, abandoned properties may be included, and also that it may not have identified all of the properties in which Plaintiff claims an interest. As discussed below, Defendant is working to revise its .kmz files to resolve those issues.

3

given the information Defendant had at the time it provided its interrogatory response.[2]

Accordingly, Plaintiff's motion to compel is **DENIED** with regard to Interrogatory No. 1.[3]

However, the Court agrees with Plaintiff that Defendant's response to Interrogatory No. 2 was wholly inadequate, and therefore Plaintiff's motion to compel is **GRANTED** as to Interrogatory No. 2.[4]

Defendant's response to Interrogatory No. 2 reads as follows:

> Subject to and without waiving any objections, Zayo has agreements for fiber optic cable or conduit that has been installed "at the direction of Zayo, on behalf

---

[2] Defendant did not receive a .kmz file that allowed it to readily identify those areas in which Plaintiff claimed a property interest until after its interrogatory response was due. This is not the fault of Plaintiff, which responded to Defendant's request for that file in a timely manner, but it is a reason why Defendant's .kmz files require adjustment.

[3] The Court notes that, by fully responding, Defendant appears to have abandoned its objections to Interrogatory No. 1. In the event that was not Defendant's intention, its objections to Interrogatory No. 1 are hereby **OVERRULED** in their entirety. The issue of personal jurisdiction was resolved by the Court's prior orders. Defendant has failed to meet its burden demonstrate that providing the information requested is overly burdensome. The Court finds that the information sought by Interrogatory No. 1 is both relevant and proportional to the needs of the case. In addition, to the extent Defendant seeks to incorporate its Preliminary Objections as objections to Interrogatory No. 1, those, too, are **OVERRULED** in their entirety, because "'general objections' made without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not 'objections' at all—and will not be considered." *Novelty, Inc. v. Mountain View Mktg.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009); *see also Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.*, 2008 WL 2074093, at *2 (S.D. Ill. 2008) ("Making general objections is a dangerous practice, as the party who offers such general objections runs the risk of having them summarily denied.").

[4] As with Interrogatory No. 1, by agreeing to fully respond, Defendant appears to have abandoned its objections to Interrogatory No. 2. In the event that was not Defendant's intention, its objections to Interrogatory No. 2 are hereby **OVERRULED** in their entirety. Defendant has failed to meet its burden demonstrate that providing the information requested is overly burdensome. The Court further finds that the information sought by Interrogatory No. 2 is both relevant and proportional to the needs of the case. In addition, to the extent Defendant seeks to incorporate its Preliminary Objections as objections to Interrogatory No. 2, those objections are **OVERRULED** for the reasons set forth above.

>of Zayo, to benefit Zayo, or funded in whole or in part by Zayo" as identified in the attached spreadsheet.  Zayo also refers CSX to Zayo's prior production.

[Dkt. 133-2.]  Defendant concedes that its response was incomplete, in that it had not completed the process of reviewing each identified installation (i.e., those contained in the .kmz files) and locating all of the documents it had that were relevant to its authorization for those installations. The need for additional time to complete that task might have been reasonable, but that fact—and the incompleteness of the response that was provided—should have been made clear in Zayo's interrogatory response.  It was not.

Even more problematic is the fact that the information Defendant did have at the time of its response was not provided to Plaintiff in a usable format.  First, Defendant may not simply point to its "prior production"; it is required to identify, by Bates Number, each produced document that is responsive to the interrogatory.  Fed. R. Civ. P. 33(d).  Second, as to those documents and the spreadsheet, Defendant was required to give Plaintiff sufficient information to correlate the data provided in the .kmz files in response to Interrogatory No. 1 with the documents/spreadsheet entries that constitute its response to Interrogatory No. 2.  Specifically, for each installation identified in response to Interrogatory No. 1, the spreadsheet should have contained the Identifier that was used in the .kmz file, to enable to Plaintiff to cross-reference the locations identified in response to Interrogatory No. 1 with the specific documents relating to each location identified in response to Interrogatory No. 2.

After extensive discussion at the hearing, the Court believes that Defendant is aware of its obligations with regard to the interrogatories and has committed to fulfilling those obligations within the next 28 days.  To that end, the Court **ORDERS** the following to be completed on or before **September 16, 2022**:

1. Now that Defendant has the .kmz files that identify Plaintiff's relevant property interests, Defendant shall reexamine its own .kmz files and revise them accordingly. The parties are urged to work together to identify those properties that they agree are not at issue in this case so that they can be eliminated from the .kmz files and further discovery.

2. Defendant shall supplement its response to Interrogatory No. 2 by providing a chart or spreadsheet that lists each Identifier contained in Defendant's revised .kmz files and for each Identifier either (a) identifies all documents (by Bates number) that reflect or relate to Defendant's authorization for the installation(s) referenced by that Identifier; or (2) states unequivocally that Defendant has not identified any such documents for that Identifier.

3. Defendant's supplemental interrogatory responses shall be accompanied by the following certification: "I hereby certify pursuant to the penalties for perjury that these supplemental interrogatory responses are complete and unequivocal responses, subject to further supplementation only with information that could not reasonably have been included in these responses given the information currently available to Defendant."

4. Defendant shall email their supplemental responses to Interrogatory No. 2 to the undersigned at MJDinsmore@insd.uscourts.gov when they are served on Plaintiff, which shall be no later than **September 16, 2022**.

The Court finds that neither party is entitled to an award of attorney fees relating to this motion.

One final note. Some of Defendant's recent filings fail to comply with Local Rule 5-6(a)(2), which requires "[e]ach electronically filed exhibit to a main document" to be "submitted as an attachment to the main document and given a title which describes its content," and Local

Rule 5-1(b), which requires any brief that has four or more exhibits to "include a separate index that identifies and briefly describes each exhibit." *See, e.g.*, [Dkt. 141, 143]. Counsel are requested to comply with these rules in future filings.

    SO ORDERED.

Dated: 17 AUG 2022

                                        Mark J. Dinsmore
                                        United States Magistrate Judge
                                        Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.