UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02859-JMS-MJD |
| ) | |
| ZAYO GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION FOR PROTECTIVE ORDER TO PROHIBIT 30(b)(6) TOPIC**

This matter is before the Court on the motion of Defendant Zayo Group, LLC ("Zayo") to prohibit a 30(b)(6) topic. [Dkt. 399.] For the reasons set forth below, the motion is **DENIED**.

## I.   Background

Plaintiff, CSX Transportation, Inc. ("CSX") alleges in its Complaint that Zayo trespassed onto CSX's property by installing its fiber optic cable in CSX's railroad corridor. During the liability phase of discovery in this case, CSX has taken ten depositions, seeking information about Zayo's alleged trespasses. Two of those depositions were Rule 30(b)(6) depositions of Zayo itself. The parties have agreed for CSX to depose Zayo for a third time. While Zayo has agreed to the third deposition, Zayo now seeks a protective order preventing CSX from asking Zayo's witness about the following topic:

> For each incursion [through which any "Relevant Long Haul Route" runs], whether alternative routes were considered to the route chosen (with the incursion(s)); whether such alternative routes were feasible from an engineering standpoint and all the evaluations including financial considerations considered in assessing the alternative route to the route including the incursion.

[Dkt. 399-1.]

## II. Discussion

Federal Rule of Civil Procedure 26(b)(1) provides that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevance in discovery is broader than relevance at trial; during discovery, 'a broad range of potentially useful information should be allowed' when it pertains to issues raised by the parties' claims." *Bank of Am., Nat'l Ass'n v. Wells Fargo Bank, N.A.*, 2014 WL 3639190, at *3 (N.D. Ill. July 23, 2014) (quoting *N.L.R.B. v. Pfizer, Inc.*, 763 F.2d 887, 889-90 (7th Cir. 1985)). Prior to issuing a protective order on discovery, the Court is to consider "the totality of the circumstances, weighing the value of the material sought against the burden of providing it," and taking into account society's interest in furthering 'the truth-seeking function' in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (quoting *Rowlin v. Alabama*, 200 F.R.D. 459, 461 (M.D. Ala. 2001)). Further, Zayo must show good cause in order to obtain the protective order it seeks. *See Williams v. Angie's List, Inc.*, 2017 WL 1318419 (S.D. Ind. Apr. 10, 2017).

Zayo has made a minimal effort to show good cause for this protective order. It simply states that the information is irrelevant or unrelated to damages and that the question of whether any alternative routes may have been possible is "irrelevant and hypothetical." Not so. CSX is entitled to depose Zayo on this topic for purposes of its damages calculation. Whether any hypothetical alternative routes were actually feasible is also relevant to the claims in this case. Zayo cannot attempt to limit its damage exposure by trying to hide the ball and withhold relevant information.

Zayo also argues that the discovery sought by CSX is liability discovery, not damages discovery, and that liability discovery has closed. [Dkt. 399 at 4.] While the Court is not

convinced that such is the case, the Court notes that the purpose of closing liability discovery prior to the filing of motions for summary judgment is to preclude the filing of a motion pursuant to Fed. R. Civ. P. 56(d), which could interfere with summary judgment briefing. In an effort to facilitate that effect, while avoiding any question-by-question disputes that might arise during the course of the depositions contemplated by CSX, the Court orders that none of the deposition testimony elicited by any party after the August 11, 2023, deadline for the completion of non-expert witness discovery and discovery relating to liability issues may be used in support of, or in responding to, any motion for summary judgment filed by any party. With that limitation, any objection by any party that the discovery sought during any such deposition is untimely liability discovery is hereby overruled.

### III.   Conclusion

For the reasons set forth above, the Court **DENIES** Zayo's motion for a protective order regarding a single 30(b)(6) topic, [Dkt. 399]. Plaintiff shall file any motion for attorney's fees related to this motion on or before September 11, 2023.

SO ORDERED.

Dated:  24 AUG 2023

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.