UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02859-JMS-MJD |
| ) | |
| ZAYO GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION FOR PROTECTIVE
ORDER TO PREVENT DEPOSITION OF CFO**

This matter is before the Court on the motion of Defendant Zayo Group, LLC ("Zayo") to prevent the deposition of its Chief Financial Officer ("CFO"), Jeffrey Noto ("Mr. Noto"). [Dkt. 400.] For the reasons set forth below, the motion is **DENIED**.

**I.     Background**

Plaintiff, CSX Transportation, Inc. ("CSX") alleges in its Complaint that Zayo trespassed onto CSX's property by installing its fiber optic cable in CSX's railroad corridor. During the liability phase of discovery in this case, CSX has taken ten depositions, seeking information about Zayo's alleged trespasses. The parties have agreed for CSX to conduct additional depositions; however, Zayo objects to CSX's request to depose Zayo CFO Jefferey Noto to obtain his testimony regarding the financial health of the company. Zayo asserts that the deposition request should be denied because Mr. Noto has no unique personal knowledge regarding that topic, any information that Mr. Noto would provide can be gathered from other witnesses and discovery methods, and sitting for the deposition would impose a hardship on Mr. Noto in light of his other duties. The Court disagrees.

## II. Discussion

Federal Rule of Civil Procedure 26(b)(1) provides that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevance in discovery is broader than relevance at trial; during discovery, 'a broad range of potentially useful information should be allowed' when it pertains to issues raised by the parties' claims." Bank of Am., Nat'l Ass'n v. Wells Fargo Bank, N.A., 2014 WL 3639190, at *3 (N.D. Ill. July 23, 2014) (quoting N.L.R.B. v. Pfizer, Inc., 763 F.2d 887, 889-90 (7th Cir. 1985)). A court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order barring a deposition. Fed. R. Civ. P. 26(c)(1). "The party seeking a protective order bears the burden of showing good cause for the order by 'demonstrating harm or prejudice that will result from the discovery.'" Apple Inc. v. Samsung Elecs. Co., Ltd., 282 F.R.D. 259, 262-63 (N.D. Cal. 2012) (quoting Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004)).

Here, Zayo relies on the 'apex analysis doctrine,' which determines whether a high-ranking executive may be deposed, to support its request for a protective order.

> However, a party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied. Thus, it is very unusual for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances. When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition. A claimed lack of knowledge, by itself it is insufficient to preclude a deposition.

See Gookins v. Cnty. Materials Corp., 2020 WL 3397730 (S.D. Ind. Jan. 7, 2020) (citing Apple Inc., 282 F.R.D., 259 at 263). While the Court recognizes that many of the events which gave rise to this litigation pre-date Mr. Noto's tenure as Zayo's CFO, Zayo has not satisfied its burden of showing that the discovery should be denied. As Plaintiff points out, the 30(b)(6) witness it has already deposed was unable to provide any details or analysis regarding the finances of the

company. She simply read numbers off the page, and even with that, Zayo's counsel had to assist the witness in the document's interpretation. [Dkt. 403-3.] Mr. Noto should be able to provide the level of detail regarding the financial health of the company that CSX seeks, and Mr. Noto is not excused from doing so simply because Zayo claims that the information exists in documentation elsewhere.

The only harm that Zayo has attempted to show is hardship to Mr. Noto in light of Mr. Noto's other duties; the Court is unconvinced that limited burden is sufficient to justify the relief Zayo requests. Zayo has made no other effort to show that any harm or prejudice will result from the requested deposition.

### III.   Conclusion

For the reasons set forth above, the Court **DENIES** Zayo's motion for a protective order regarding deposition of its CFO, Mr. Noto, [Dkt. 400]. Plaintiff shall file any motion for attorney's fees related to this motion on or before September 11, 2023.

SO ORDERED.

Dated: 24 AUG 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.