UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZAYO GROUP, LLC, ) <br> ) <br> Defendant. ) | No. 1:21-cv-02859-JMS-MJD |

**ORDER ON MOTION FOR LEAVE TO AMEND**

This motion is before the Court on Defendant's Motion for Leave to Amend Amended Answer to a Third Amended Complaint and Demand for Jury Trial. [Dkt. 438.] For the reasons set forth below, the motion is **DENIED**.

**I.   Background**

Plaintiff, CSX Transportation, Inc., ("CSX") alleges in its Complaint that Defendant, Zayo Group, LLC, ("Zayo") trespassed onto CSX's property by installing its fiber optic cable in CSX's railroad corridor in various locations. On November 16, 2022, Plaintiff filed its Third Amended Complaint. [Dkt. 210.] On December 15, 2022, Defendant filed its Amended Answer to the Third Amended Complaint. [Dkt. 219.] Defendant now asks the Court to grant it leave to Amend its Amended Answer.

**II.   Discussion**

Leave to amend a pleading should be freely given "when justice so requires." Fed R. Civ. P. 15(a)(2). However, the court may deny a motion to amend when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, and futility of amendment." *Bausch v. Stryker Corp.,* 630 F.3d 546, 562 (7th Cir. 2010) (alteration omitted) (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 666 (7th Cir. 2007)).

Moreover, while the standard for granting leave to amend under Rule 15 is a liberal one, that standard must be reconciled with the court's set deadlines in the scheduling order as governed by Federal Rule of Civil Procedure 16(b). *See Alioto v. Town of Lisbon,* 651 F.3d 715, 719 (7th Cir.2011). Under Rule 16(b), a pleading can only be amended after the expiration of the court's scheduling order deadline to amend pleadings "for good cause." Fed.R.Civ.P. 16(b)(4). In reconciling these two rules, the Seventh Circuit has held that it is proper for a court to first consider whether the moving party meets the heightened "good cause" standard under Rule 16(b)(4) before examining whether the party meets the requirements of Rule 15. *Alioto,* 651 F.3d at 719. If "good cause" is shown under Rule 16(b)(4), the Court may then determine if the amendment is proper under Rule 15(a). *See Riggins v. Walter,* 279 F.3d 422, 428 (7th Cir.1995) (citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir.1992)) ("[The] court must first find good cause for amendment under Rule 16(b) before considering propriety of amendment under Fed.R.Civ.P.15.").

Thus, a movant must show good cause to amend its pleadings after the court's deadlines have passed. Fed R. Civ. P. 16(b)(4). Here, the deadline was December 15, 2022. It is the movant who bears the burden of showing why such good cause exists. *See Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D.Ind.1995). ("[A] party must show that despite their diligence the time table could not have reasonably been met."). Ultimately, "the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Employees Int'l Union,* 284 F.3d 715, 720 (7th Cir. 2002).

Rule 16's good cause standard for leave to amend "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. General & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir.2005) (quoting *Johnson,* 975 F.2d at 609). Specifically, the Seventh Circuit has held that the requisite diligence is not established if delay is shown and the movant provides no reason, or no good reason, for the delay. *See Alioto,* 651 F.3d at 719; *see also Edmonson v. Desmond,* 551 F. App'x 280, 282 (7th Cir. 2014) ("[Movant] has not offered any reason, let alone a good one, why he waited more than a month after the close of discovery to file his motions to amend.").

In its motion, Defendant states that it wishes to add an additional defense that it possesses a prescriptive easement as to certain locations based on open, exclusive, and uninterrupted possession by its predecessors in interest for over twenty years. Defendant states that because this is a legal issue, the motion should be granted because the defense will add little, if any, complexity or new facts to this lawsuit. In addition, Defendant argues that there is no improper motive in its request, and granting leave would not cause undue delay or prejudice.

Plaintiff argues that Zayo has failed to demonstrate any good cause or diligence for amending their answer this far after the deadline to amend. While Plaintiff is not required to show prejudice, it does argue that it has been prejudiced by Defendant's failure to disclose the affirmative defense before the close of liability discovery. As Plaintiff points out, the addition of this defense would add complexity and new facts to this lawsuit. And indeed, it would; it would require inquiry into the facts that would support a claim of prescriptive easement, and therefore would require additional discovery related to the liability of the parties, which should have been completed by the August 11, 2023 deadline. Defendant argues that because it performed investigations and reviews of 440+ sites throughout the discovery period, the information leading

to its new defense was not discovered until the end of the discovery period. However, Defendant was well aware prior to the end of discovery that many of these sites, many of which were acquired from other entities, were over twenty years old, and potentially open, exclusive, and uninterrupted possession by its predecessors. If Defendant was acting diligently, it would have realized the availability of this defense at the onset of its investigations, or at the least, after the investigation of some of the 440+ sites that occurred prior to the end of discovery.

The blanket statement that this amendment is not improperly motivated and would not add new facts or complexities is not a demonstration of good cause. Further, Defendant did not act diligently in attempting to raise this defense prior to the end of discovery.

### III.   Conclusion

For the reasons set forth above, Defendant's Motion for Leave to File an Amended Answer to a Third Amended Complaint. [Dkt. 438.], is **DENIED**.

SO ORDERED.

Dated:  5 OCT 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.