UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., | ) |
| *Plaintiff,* | ) ) ) No. 1:21-cv-02859-JMS-MJD |
| *vs.* | ) ) |
| ZAYO GROUP, LLC, | ) ) |
| *Defendant.* | ) |

# ORDER

Plaintiff CSX Transportation, Inc. ("CSX") initiated this lawsuit related to Defendant Zayo Group, LLC's ("Zayo") installation of a fiber optic network system which CSX alleges damaged CSX's property. CSX has filed four Complaints and after each one, Zayo filed an Answer in which it set forth affirmative defenses. Zayo also filed a Statement of Claims and Defenses, in which it enumerated various affirmative defenses. CSX has now filed a Rule 12(f) Motion to Strike Affirmative Defenses, [Filing No. 409], which is ripe for the Court's decision.

## I.
### BACKGROUND

On June 24, 2022 Zayo filed its Answer to Second Amended Complaint and Demand for Jury Trial, [Filing No. 109]; on July 8, 2022 it filed an Amended Answer to Second Amended Complaint and Demand for Jury Trial, [Filing No. 120]; on December 14, 2022 it filed an Answer to Third Amended Complaint and Demand for Jury Trial, [Filing No. 217]; and on December 15, 2022 it filed an Amended Answer to Third Amended Complaint and Demand for Jury Trial, [Filing No. 219]. In each of its Answers, Zayo asserted certain affirmative defenses. [Filing No. 109; Filing No. 120; Filing No. 217; Filing No. 219.] On August 18, 2023 Zayo filed a Statement of

Claims and Defenses in which it set forth multiple defenses to CSX's claims that it intends to assert in this matter. [Filing No. 395.] CSX now seeks to strike several of those defenses. [*See* Filing No. 409.]

The table below reflects the affirmative defenses that Zayo asserted in its Answers and in its Statement of Claims and Defenses:

| **Affirmative Defenses Asserted in Answers** [Filing No. 109; Filing No. 120; Filing No. 217; Filing No. 219] | **Defenses Asserted in Statement of Claims and Defenses** [Filing No. 395] |
|---|---|
| • "[CSX] may have failed to state a claim against [Zayo] upon which relief can be granted" | |
| • "[CSX's] alleged damages may have been caused or contributed to by [various other parties]. [Zayo] reserves the right to identify other potential non-parties as necessary through discovery" | • "[CSX's] alleged damages may have been caused or contributed to by [various parties who are not joined as a defendant]" |
| • "[CSX's] damages, if any, were caused, in whole or in part, by independent contractors, for whose actions [Zayo] would not be liable" | • "[CSX's] damages, if any, were caused, in whole or in part, by independent contractors, including Third Party Defendants, for whose actions Zayo is not liable" |
| • "[CSX] may have failed to mitigate its own alleged damages" | • "[CSX] has failed to mitigate its own alleged damages by failing to repair or remedy any alleged damage to [CSX] Components by virtue of Zayo's alleged installations" |
| • "The alleged installations were authorized per I.C. 8-20-1-28, 65 ILCS § 5/11-42-11.1, and *Louisville & Indiana R.R. Co. v. Indiana Gas Co.*, 829 N.E.2d 7, 8-9 (Ind. 2005)" | |
| • "Zayo's actions were in reliance on the advice of counsel, in particular Jane Wagner" | • "Zayo's actions were in reliance on the advice of counsel, in particular Jane Wagner" |

| | |
|---|---|
| • "To the extent that [CSX] has already been fully compensated for any or all of its alleged damages at issue herein, [Zayo] is entitled to a set off" | |
| • "Some of the installations were authorized by contract or license" | • "Zayo's aerial installations are authorized by pole attachment agreements with parties who possess authorization for their poles and related fiber to cross the railroad corridor" |
| • "Some or all of Plaintiffs' claims may be barred by the applicable statute of limitations" | • "[CSX's] claims are barred by [numerous] statutes of limitations" |
| | • "[CSX's] claims are barred by the following statutes of repose: 735 Ill. Comp. Stat. Ann. 5/13-214; IC § 32-30-1-5" |
| | • "Zayo's installations are authorized by third parties who have superior rights to [CSX] in the locations where Zayo's installations reside, including private landowners, Zayo's customers, and other railroads" |
| | • "Zayo has an indefeasible right to use certain of the fiber at issue granted by non-parties" |
| | • "Zayo was not the party responsible for obtaining railroad permits related to certain installations, which were built by other companies" |
| | • "Zayo does not own the cable in question or the conduit in question in particular installations" |
| | • "Zayo possesses a prescriptive easement as to certain locations, based on open, exclusive, and uninterrupted possession by its predecessors in interest for over twenty years" |

| | |
|---|---|
| | - "CSX is also barred from recovering the remedy of ejectment because it has not brought a statutory claim for ejectment"[1] |

CSX has moved to strike the affirmative defenses Zayo asserted in its Statement of Claims and Defenses that it did not assert in its Answers. [Filing No. 409.]

## II.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In the Seventh Circuit, motions to strike are generally disfavored, but such a motion "may serve to expedite, not delay, when it seeks to strike portions of a pleading to remove unnecessary clutter from the case." *Schmitz v. Four D Trucking, Inc.*, 2014 WL 309190, at *2 (N.D. Ind. Jan. 28, 2014) (quotations and citations omitted). "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller Fin. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

"A defendant's failure to plead an affirmative defense may result in…forfeiture if the defendant merely failed to preserve the defense by pleading it." *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 478 (7th Cir. 2019). Generally, "the failure to plead an affirmative defense in the answer works a forfeiture only if the plaintiff is harmed by the defendant's delay in asserting it." *Id.* (quotation and citation omitted); *see also Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 436 (7th Cir. 2014) (while the rule that an affirmative defense not pleaded in an answer is forfeited

---

[1] While this defense is not listed in Zayo's Statement of Claims and Defenses as an "affirmative defense," CSX argues that it is actually an affirmative defense. The Court discusses whether that is, in fact, the case below.

is "not to be applied rigidly," forfeiture results if "the plaintiff is harmed by the defendant's delay in asserting it").

### III.
#### DISCUSSION

CSX seeks to strike the following affirmative defenses, arguing that they were not set forth in any of Zayo's Answers:

- 2. "[CSX's] claims are barred by the following statutes of repose: 735 Ill. Comp. Stat. Ann. 5/13-214; IC § 32-30-1-5";

- 4. "Zayo's installations are authorized by third parties who have superior rights to [CSX] in the locations where Zayo's installations reside, including private landowners, Zayo's customers, and other railroads";

- 6. "Zayo has an indefeasible right to use certain of the fiber at issue granted by non-parties";

- 7. "Zayo was not the party responsible for obtaining railroad permits related to certain installations, which were built by other companies";

- 8. "Zayo does not own the cable in question or the conduit in question in particular installations";

- 12. "Zayo possesses a prescriptive easement as to certain locations, based on open, exclusive, and uninterrupted possession by its predecessors in interest for over twenty years"; and

- "CSX is also barred from recovering the remedy of ejectment because it has not brought a statutory claim for ejectment" ("the Ejectment Defense").

[Filing No. 409 at 1-2 (collectively, "the Additional Affirmative Defenses").] CSX argues that there is no justification for failing to raise the Additional Affirmative Defenses for thirteen months after Zayo answered the most recent Complaint. [Filing No. 409 at 4.] It notes that Zayo did not seek the Court's permission to belatedly raise the Additional Affirmative Defenses and asserts that most of the Additional Affirmative Defenses "depend upon Zayo's files" not CSX's, and that Zayo "has had the requisite information continuously available to it during the last several years of this

litigation." [Filing No. 409 at 4-5.] CSX contends that Zayo added the Additional Affirmative Defenses when it filed its Statement of Claims and Defenses on August 18, 2023, and that the 602-day fact discovery period had closed on August 11, 2023 – one week earlier. [Filing No. 409 at 6.] It argues that it is harmed by Zayo's delay in raising the Additional Affirmative Defenses because liability discovery has concluded and CSX proceeded through discovery "along the contours described in Zayo's four answers," and that "[a]llowing Zayo to interpose [the Additional Affirmative Defenses] at this point, after a hard-fought 602-day fact discovery period, will substantially prejudice [CSX]." [Filing No. 409 at 7-8.]

In its response, Zayo states that it will file a Motion to Amend its Answer to add Additional Affirmative Defense 12 (that "Zayo possesses a prescriptive easement as to certain locations, based on open, exclusive, and uninterrupted possession by its predecessors in interest for over twenty years"), and that it will withdraw Additional Affirmative Defense 2 (that "[CSX's] claims are barred by the following statutes of repose: 735 Ill. Comp. Stat. Ann. 5/13-214; IC § 32-30-1-5"). [Filing No. 435 at 3.] It argues that Additional Affirmative Defenses 4, 6, 7, and 8 really are not new, but "are simply more specific versions of a Contractual Authorization Defense that Zayo raised in its Amended Answer," which stated that "[s]ome of the installations were authorized by contract or license." [Filing No. 435 at 4-5.] Zayo argues that these four Additional Affirmative Defenses "do not change, alter, or add to the factual or legal theories that Zayo has been presenting throughout the duration of the case," and that "[a]ny facts supporting the defenses would have been covered by [CSX's] discovery on the Contractual Authorization Defense." [Filing No. 435 at 5-6.] As for the Ejectment Defense, Zayo argues that it has not brought this as an affirmative defense and that "stating that [CSX] has not brought the claim of ejectment and thus cannot rely on it as a remedy for trespass is patently different than stating that a party did not comply with statutory

requirements for filing a claim." [Filing No. 435 at 6.] It asserts that its affirmative defense for failure to state a claim would encompass the Ejectment Defense in any event. [Filing No. 435 at 6.] Zayo also argues that CSX is not prejudiced by the Additional Affirmative Defenses because it asserted a more general affirmative defense in its Amended Answer that encompasses its more specific Additional Affirmative Defenses, and CSX has had the opportunity to conduct discovery on the Additional Affirmative Defenses and has learned information through depositions and discovery responses regarding different third parties that have authorized Zayo's installations at certain locations. [Filing No. 435 at 7-8.] Finally, Zayo argues that CSX still has the opportunity to obtain additional discovery because the Court noted in an August 24, 2023 Order that it is not convinced that liability discovery is closed and that further discovery on damages can continue. [Filing No. 435 at 8.]

      CSX argues in its reply that Zayo has admitted that Additional Affirmative Defenses 2 and 12 have been forfeited. [Filing No. 447 at 1.] It contends that Additional Affirmative Defenses 7 and 8 are not merely more specific versions of Zayo's affirmative defense that "[s]ome of the installations were authorized by contract or license." [Filing No. 447 at 1-2.] It asserts that "[n]otifying [CSX] that 'some of the installations were authorized by contract or license' does not notify [CSX] that Zayo intends to repudiate at trial – by a preponderance of the evidence – its admitted ownership of the trespassing cables." [Filing No. 447 at 2.] CSX contends that "Zayo had all of the files relevant to the [Additional Affirmative Defenses] in its own possession from the outset" and that "[t]here is no excuse for Zayo failing to amend its answer promptly and certainly no excuse for waiting until after the close of liability discovery." [Filing No. 447 at 4.] CSX notes that liability discovery is closed and that "[t]he Court overruled any objection to

untimely liability discovery as to the Rule 30(b)(6) deposition at issue only." [Filing No. 447 at 5 (emphasis omitted).]

The Court considers each of the Additional Affirmative Defenses in turn.

A.      **Additional Affirmative Defense 2**

In its response to CSX's Motion to Strike, Zayo withdraws Additional Affirmative Defense 2 – that "[CSX's] claims are barred by the following statutes of repose: 735 Ill. Comp. Stat. Ann. 5/13-214; IC § 32-30-1-5." [Filing No. 435 at 3.] Based on that withdrawal, the Court **DENIES AS MOOT** CSX's Motion to Strike as to Additional Affirmative Defense 2.

B.      **Additional Affirmative Defenses 4 and 6**

CSX seeks to strike Additional Affirmative Defense 4 – that "Zayo's installations are authorized by third parties who have superior rights to [CSX] in the locations where Zayo's installations reside, including private landowners, Zayo's customers, and other railroads" – and Additional Affirmative Defense 6 – that "Zayo has an indefeasible right to use certain of the fiber at issue granted by non-parties."  Zayo argues that these Additional Affirmative Defenses are simply more specific versions of its prior Contractual Authorization Defense, which was that "[s]ome of the installations were authorized by contract or license." [*See* Filing No. 435 at 4.] The Court finds that Additional Affirmative Defenses 4 and 6 are subsumed in the Contractual Authorization Defense.  Indeed, CSX does not argue otherwise in its reply brief.  [*See* Filing No. 447.]

As to any prejudice CSX might suffer from the fact that Zayo did not assert Additional Affirmative Defenses 4 and 6 until it filed its Statement of Claims and Defenses, the Court finds that because Additional Affirmative Defenses 4 and 6 are simply more specific statements of the Contractual Authorization Defense, there is no prejudice.  CSX was on notice that Zayo would

claim that it was authorized to install the fiber optic lines pursuant to authorization by contract or license, which would necessarily be authorization from third parties or pursuant to a right to use the lines granted by non-parties.  The Court **DENIES** CSX's Motion to Strike as to Additional Affirmative Defenses 4 and 6.

### C.     Additional Affirmative Defenses 7 and 8

Additional Affirmative Defense 7 is that "Zayo was not the party responsible for obtaining railroad permits related to certain installations, which were built by other companies."  Additional Affirmative Defense 8 is that "Zayo does not own the cable in question or the conduit in question in particular installations."  Zayo argues that these Additional Affirmative Defenses are also subsumed within the Contractual Authorization Defense, but the Court rejects that argument.  Whether Zayo was responsible for obtaining the permits related to the installations is not the same as whether some of the installations were authorized by contract or license.  And whether Zayo owns the cable or conduit in question in particular installations is distinct from whether some of the installations were authorized by contract or license.

The Court also finds that CSX would be prejudiced if Zayo were allowed to belatedly assert Additional Affirmative Defenses 7 and 8.  Previous scheduling orders indicate that liability discovery in this case closed on August 11, 2023.  [*See* Filing No. 258 at 2; Filing No. 410 at 3.]  The Court acknowledges the parties' statement in a Joint Motion to Take Three Depositions After Discovery Deadline that "[t]he deadline to complete all discovery is presently January 12, 2024," and the fact that they jointly seek permission to take three additional non-expert depositions.  [Filing No. 537 at 1.]  But Zayo has not provided any information from which the Court can conclude that these three additional deponents – to the extent the parties are ultimately permitted to depose them – would testify regarding information relevant to Additional Affirmative Defenses

7 and 8.  The Court finds that allowing Zayo to assert Additional Affirmative Defenses 7 and 8 at this stage of the litigation would unfairly prejudice CSX.  *See Reed*, 915 F.3d at 482 ("Allowing a last-minute defense that introduces such new factual and legal issues after discovery has closed raises the costs of litigation and allows the party that was at least negligent in failing to plead its defense to take unfair advantage of its opposing party.").

Additionally, Zayo has not even attempted to argue that its' belated assertion of Additional Affirmative Defenses 7 and 8 was somehow justified or excused.  "Without a credible excuse for the delay [in asserting an affirmative defense], the [defendant's] late invocation of the defense looks like a straight ambush of the plaintiff when it was too late for [it] to put together a comprehensive rebuttal." *Id.* at 482.  Zayo's belated assertion of Additional Affirmative Defenses 7 and 8 would be unfair to CSX.

Because Zayo did not assert Additional Affirmative Defenses 7 and 8 in its various Answers – either in general or specific form – and since CSX is prejudiced by that failure, the Court **GRANTS** CSX's Motion to Strike Additional Affirmative Defenses 7 and 8 to the extent that it **STRIKES** Additional Affirmative Defenses 7 and 8 from Zayo's Statement of Claims and Defenses, [Filing No. 395].  Zayo may not assert Additional Affirmative Defenses 7 and 8 in this litigation.

### D. Additional Affirmative Defense 12

Zayo acknowledges in its response to CSX's Motion to Strike that it did not previously assert Additional Affirmative Defense 12 – that "Zayo possesses a prescriptive easement as to certain locations, based on open, exclusive, and uninterrupted possession by its predecessors in interest for over twenty years." [Filing No. 435 at 3.]  On September 13, 2023, the same day that it filed its response to CSX's Motion to Strike, Zayo filed a Motion for Leave to Amend Amended

Answer to Third Amended Complaint and Demand for Jury Trial, in which it requested leave to add Additional Affirmative Defense 12 to its Amended Answer. [Filing No. 438.] On October 5, 2023, Magistrate Judge Mark Dinsmore denied Zayo's Motion for Leave to Amend, finding that "[i]f [Zayo] was acting diligently, it would have realized the availability of [Additional Affirmative Defense 12] at the onset of its investigations, or at the least, after the investigation of some of the 440+ sites that occurred prior to the end of discovery," that "[t]he blanket statement that this amendment is not improperly motivated and would not add new facts or complexities is not a demonstration of good cause," and that "[Zayo] did not act diligently in attempting to raise this defense prior to the end of discovery." [Filing No. 461 at 4.]

The Court agrees with Magistrate Judge Dinsmore's ruling on Zayo's Motion for Leave to Amend and **GRANTS** CSX's Motion to Strike to the extent that it **STRIKES** Additional Affirmative Defense 12 from Zayo's Statement of Claims and Defenses, [Filing No. 395]. Zayo may not assert Additional Affirmative Defense 12 in this litigation.

### E.    The Ejectment Defense

Finally, CSX seeks to strike from Zayo's Statement of Claims and Defenses the following statement, which it contends is an affirmative defense: "CSX is also barred from recovering the remedy of ejectment because it has not brought a statutory claim for ejectment." "A defense is an affirmative defense if it is specifically enumerated in Fed. R. Civ. P. 8(c), if the defendant bears the burden of proof, or if the defense does not require controverting the plaintiff's proof." *Perez v. PBI Bank, Inc.*, 2015 WL 500874, at *5 (S.D. Ind. Feb. 4, 2015).

Whether or not the Ejectment Defense is technically an affirmative defense is irrelevant because even if it is, the Court finds that CSX would not be prejudiced by allowing Zayo to raise the Ejectment Defense at this juncture. The Ejectment Defense does not depend on the facts

underlying this case. Instead, it raises a legal issue that is resolved by looking at the claims that CSX has asserted in this matter and the law that applies to the issue. In other words, its success or failure is not dependent on facts adduced during discovery. Consequently, the Court **DENIES** CSX's Motion to Strike the Ejectment Defense.

## IV.
### CONCLUSION

"A defendant should not be permitted to lie behind a log and ambush a plaintiff with an unexpected defense," and a defendant's failure to seek the court's leave to amend its answer "risks a finding that [it] has waived the defense." *Venters v. City of Delphi*, 123 F.3d 956, 967-68 (7th Cir. 1997) (quotation and citation omitted). Additionally, "[p]leadings shape the litigation, including the scope and cost of discovery [and] [m]any efficiencies are lost when claims or defenses are left out of pleadings and a party then attempts to assert them at later stages." *Reed*, 915 F.3d at 479. Affirmative defenses that Zayo did not raise in its Answers – either generally or specifically – and that prejudice CSX must be stricken.

Based on the foregoing, the Court:

- **DENIES AS MOOT** CSX's Motion to Strike, [409], as to Additional Affirmative Defense 2;

- **DENIES** CSX's Motion to Strike, [409], as to Additional Affirmative Defenses 4 and 6 and the Ejectment Defense; and

- **GRANTS** CSX's Motion to Strike, [409], as to Additional Affirmative Defenses 7, 8, and 12. Zayo may not assert Additional Affirmative Defenses 7, 8, or 12 in this litigation.

Date: 2/21/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**