UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02859-JRS-MJD |
| ) | |
| ZAYO GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

On September 12, 2024, the Undersigned issued an Order to Show Cause, directing the following:

> Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why the Court should not reconsider its earlier ruling and grant Defendant's motion to dismiss the Illinois-based claims in this case for lack of personal jurisdiction in light of [*Vanegas v. Signet Builders, Inc.*, 113 F.4th 718 (7th Cir. 2024)]. The issue shall be briefed as follows: Plaintiff shall file a brief by September 26, 2024; Defendant shall respond by October 3, 2024; and Plaintiff may file a reply by October 10, 2024.

[Dkt. 705.]  Plaintiff filed a brief in response to the Order to Show Cause, [Dkt. 711]; Defendant filed a response in which it stated that it "defers to the Court on the extent of the scope of [*Vanegas*] and its effect on CSXT's Illinois claims."  [Dkt. 724.]

The issue is now ripe for review.  For the reasons set forth below, the Undersigned now **recommends** that the Illinois-based claims in this case be **dismissed** for lack of personal jurisdiction.

## I. Background

On March 4, 2022, the Undersigned issued a Report and Recommendation recommending that Defendant's motion to dismiss for lack of personal jurisdiction be denied. [Dkt. 57.] On June 3, 2022, Judge Jane Magnus-Stinson overruled Defendant's Objection to the Report and Recommendation and adopted the Undersigned's Report and Recommendation "to the extent that [Defendant's] Motion to Dismiss is **DENIED** as it relates to personal jurisdiction over the non-Indiana based conduct." [Dkt. 100 at 17.] This case thus proceeded as to Plaintiff's claims arising out of actions allegedly taken on Plaintiff's property located in Indiana and Plaintiff's claims arising out of actions allegedly taken on Plaintiff's property located in Illinois.[1]

## II. Applicable Standard

Pursuant to Federal Rule of Civil Procedure 54(b),

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Seventh Circuit has recognized that this rule gives a district court "sweeping authority" to reconsider any interlocutory order in a case. *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). Also relevant to this case, given that it has been transferred from Judge Magnus-Stinson to Judge Sweeney, is the law of the case doctrine, which is "applicable when a case is transferred to a new judge midway through litigation" and provides that "in general, the successor judge is discouraged from reconsidering the decisions of the transferor judge." *Gilbert v. Illinois State Bd. of Educ.*, 591 F.3d 896, 902 (7th Cir. 2010). The Seventh Circuit has "recognized, however,

---

[1] All of the non-Indiana claims asserted by Plaintiff appear to involve property located in Illinois.

that the law of the case doctrine is discretionary and does not preclude a district court from reopening a decided issue." *Galvan*, 678 F.3d at 587 (citations omitted). The Seventh Circuit

> nevertheless advise[s] judges that, because litigants have a right to expect consistency even if judges change, the second judge should "abide by the rulings of the first judge unless some new development, such as a new appellate decision, convinces him that his predecessor's ruling was incorrect."

*Id.* (quoting *Fujisawa Pharm. Co. v. Kapoor*, 115 F.3d 1332, 1339 (7th Cir. 1997)).

As set forth below, the Undersigned has determined that, in light of a new appellate decision—*Vanegas*—the prior orders addressing personal jurisdiction in this case were based on a mistaken understanding of Seventh Circuit precedent and therefore were incorrect. Accordingly, the Undersigned determines that justice is best served by the Court exercising its discretion to correct that error.

## II. Discussion

Both the Undersigned's Report and Recommendation and Judge Magnus-Stinson's ruling were based on a finding that the Court could exercise pendent jurisdiction over Plaintiff's claims regarding actions that occurred outside of Indiana, and both relied on *Robinson Eng'g Co. Pension Plan & Tr. v. George*, 223 F.3d 445, 450 (7th Cir. 2000), in so holding. As Judge Magnus-Stinson noted:

> some courts ha[d] interpreted the Seventh Circuit's holding in *Robinson* to limit the application of pendent personal jurisdiction to only federal question cases where a federal statute authorizes nationwide service of process. *See, e.g.*, *Mackey v. IDT Energy, Inc.*, 2020 WL 108431, at *2 (N.D. Ill. Jan. 9, 2020). However, the *Robinson* analysis turned on whether the pendent claim arose out of the same nucleus of operative facts as the non-pendent claim. *Robinson*, 223 F.3d at 449. Further, courts within the Seventh Circuit have applied the doctrine of pendent personal jurisdiction in diversity cases based purely on state law. *Doe v. Cotterman*, 2018 WL 1235014, at *5 (N.D. Ill. Mar. 9, 2018); *Jackson v. N'Genuity Enterprises, Co.*, 2010 WL 3025015, at *6 (N.D. Ill. Aug. 2, 2010); *Rice*, 763 F.Supp. at 966.

[Dkt. 100 at 15-16.]

In *Vanegas*, the Seventh Circuit clarified its holding in *Robinson* and made it clear that it did, in fact, intend to limit pendent jurisdiction to federal claims involving nationwide service of process:

> We have recognized pendent claim personal jurisdiction just once before, in *Robinson*. When we did so, we reasoned that "federal claims" in the case "provided for extraterritorial service"—there, "claims under the Securities Act and the Securities Exchange Act." Those nationwide service provisions are a key ingredient for this doctrine. No such claim exists in this case, so even pendent claim personal jurisdiction is unavailable here.

*Vanegas*, 113 F.4th at 727 (citations omitted). While perhaps not essential to its holding, the Seventh Circuit nonetheless issued a clear, unambiguous interpretation of *Robinson* which—had it existed at the time of the initial decision—clearly would have informed the Court's determination that it had personal jurisdiction over the Illinois claims. In other words, in *Vanegas*, the Seventh Circuit provided clarification of its holding in *Robinson*, and that clarification unequivocally demonstrates that the Court's earlier reading of *Robinson* was erroneous, as was its ruling based thereon. It is therefore appropriate to reconsider that earlier ruling and reverse it.

Plaintiff argues that *Vanegas* should be read only to apply to cases in which the claim over which the court has personal jurisdiction is based on a federal statute that does not authorize nationwide service of process. This case is different, Plaintiff argues, because the court has personal jurisdiction over Defendant for the Indiana-based claims based on Indiana's long-arm statute, and "[s]ervice under a state long-arm-statute obviously is an 'authorized mechanism' for obtaining personal jurisdiction over a party and thus is sufficient to create personal jurisdiction over an 'anchor claim' that then can serve as the basis for exercising pendent-claim personal jurisdiction." [Dkt. 711 at 7 n.3.] This argument ignores the fact that in *Vanegas*, the court had personal jurisdiction over "those claims that Wisconsin's specific jurisdiction embraces."

4

*Vanegas*, 113 F.4th at 727. Plaintiff does not explain how those claims could not serve as an "'anchor claim' that then can serve as the basis for exercising pendent-claim personal jurisdiction" in that case, while Plaintiff's Indiana-based tort claims could serve as such an anchor claim in this case.

Finally, Plaintiff argues that it is not necessary for the court to exercise pendent jurisdiction over its Illinois claims because the court may exercise personal jurisdiction over those claims pursuant to Indiana's long-arm statute. [Dkt. 711 at 9.] This is, Plaintiff argues, "because Zayo's actions in Illinois were intentional, and Zayo knew that their effects would be felt by CSXT in Indiana." *Id.*

This summary statement from Plaintiff omits a crucial requirement. Plaintiff accurately acknowledges the relevant law regarding personal jurisdiction later in its brief:

> When, as here, a plaintiff alleges intentional torts, the plaintiff need only show "(1) intentional conduct (or intentional and allegedly tortious conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state."

[Dkt. 711 at 9] (quoting *Indus. Maint. Eng'g, Inc. v. Johnson*, 2021 WL 4991527, at *5 (S.D. Ind. Apr. 22, 2021)).[2] Thus, it is not enough that Defendant allegedly acted intentionally and allegedly knew that the effects would be felt by Plaintiff in Indiana; the intentional actions must have been "expressly aimed" at Indiana. Given that the intentional tortious acts that Plaintiff alleges Defendant took with regard to the Illinois sites all involved damage to or encroachment on land located in Illinois, those actions were not, in fact, aimed at Indiana. It is not enough that Defendant allegedly injured Plaintiff and Plaintiff was located in Indiana; there must be

---

[2] It is unclear why Plaintiff cites to this unpublished district court case with no precedential value rather than the published Seventh Circuit case cited by the district court therein, *Tamburo v. Dworkin*, 601 F.3d 693, 703 (7th Cir. 2010).

"'something more' directed at that state before jurisdiction over a foreign defendant may be considered proper." *Tamburo v. Dworkin*, 601 F.3d 693, 705-06 (7th Cir. 2010).

Plaintiff argues that the "something more" exists here because Defendant's "unauthorized installation of fiber optic cable in Illinois was expressly aimed at Indiana" by virtue of the fact that Defendant was building a fiber optic line that ran from Illinois to Indiana. But Defendant's alleged tortious action is not the installation of a fiber optic cable line; rather, it is trespassing on and damaging Plaintiff's property **in Illinois** that constitute the alleged intentional torts. When it took those actions, Defendant was not expressly aiming those actions at Indiana. Accordingly, the requirements for exercising personal jurisdiction over Defendant are not satisfied as to the actions that are alleged to have occurred in Illinois.

### III. Conclusion

For the reasons set forth above, the Undersigned **RECOMMENDS** that the Illinois-based claims in this case be **dismissed** for lack of personal jurisdiction. Obviously, any third-party claims based solely on the Illinois-based claims should be dismissed as well.

**Any objections to this Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.**

SO ORDERED.

Dated: 16 OCT 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.