UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:21-cv-02859-JRS-MJD |
| | ) |
| ZAYO GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |

**Order Dismissing Claims for Lack of Personal Jurisdiction**

Since the denial of Zayo Group, LLC's Motion to Dismiss in 2022, this case has been proceeding as to CSX Transportation, Inc.'s claims arising out of actions allegedly taken on its property located in Indiana and on its property located in Illinois.  In mid-September 2024, the Magistrate Judge ordered CSXT to show cause why the Court should not reconsider its prior ruling and grant Zayo's Motion to Dismiss the Illinois-based claims for lack of personal jurisdiction in light of *Vanegas v. Signet Builders, Inc.*, 113 F.4th 718 (7th Cir. 2024).  The Parties briefed the issue and the Magistrate Judge issued a Report and Recommendation, recommending that the Illinois-based claims in this case be dismissed for lack of personal jurisdiction and that any third-party claims based solely on the Illinois-based claims also be dismissed.  (ECF No. 733.)

Now before the Court are CSXT's Objections to Report and Recommendation on Issue of Personal Jurisdiction, (ECF No. 735), and Zayo's Response in Opposition thereto, (ECF No. 737).  The Court considers de novo whether to reconsider the prior

denial of Zayo's Motion to Dismiss as it relates to personal jurisdiction over the non-Indiana based conduct in light of *Vanegas*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A familiarity with the instant case and prior decisions is presumed.

The decision to exercise personal jurisdiction over the Illinois-based claims in this case "may be revised at any time before" judgment is entered. Fed. R. Civ. P. 54(b). While reconsideration of prior decisions is generally discouraged, *Gilbert v. Illinois State Bd. of Educ.*, 591 F.3d 896, 902 (7th Cir. 2010), when a new Seventh Circuit decision convinces the Court that the prior decision was erroneous, the Court in its discretion may reconsider the prior ruling, *Galvan v. Norberg,* 678 F.3d 581, 587 (7th Cir. 2012). Such is the case here.

CSXT argues that *Vanegas* did not change the law to limit the doctrine of pendent claim personal jurisdiction because it did not involve an issue of pendent claim jurisdiction and its discussion on that issue was mere dictum. However, as CSXT acknowledges, dictum "may be followed if sufficiently persuasive." (CSXT's Obj. to R.&R. 7, ECF No. 735 (quoting *Humphrey's Executor v. United States*, 295 U.S. 602, 627–28 (1935)).) In the Court's view, *Vanegas*'s dictum addressing pendent claim personal jurisdiction is indeed persuasive.

The Seventh Circuit began *Vanegas* by saying: "We have recognized pendent claim personal jurisdiction just once before, in *Robinson,*" and then explained the basis for doing so: "we reasoned that 'federal claims' in the case 'provided for extraterritorial service'—there, 'claims under the Securities Act and the Securities Exchange Act.'" 114 F.4th at 727. The Seventh Circuit clarified that "'nationwide service provisions'

2

are a key ingredient for [the pendent claim personal jurisdiction] doctrine." *Id.* And because no claim at issue in *Vanegas* provided for nationwide service, the Seventh Circuit determined that pendent claim personal jurisdiction was inapplicable. *Id.* The court continued:

> [N]o federal statute or rule authorizes pendent claim or pendent party personal jurisdiction. Even the very broadest theories of personal jurisdiction recognize Congress's primacy in defining its bounds, opining that 'Congress can extend the federal courts' personal jurisdiction as far as it wants.' Congress may possess such broad power, but we surely do not.

*Id.* (internal quotation marks and citations omitted). The Court concludes that under *Robinson* and *Vanegas*, the prior decision asserting pendent claim personal jurisdiction over Zayo's conduct that took place outside of Indiana was erroneous. As a result, the prior decision must be reconsidered, and the Court will apply the pendent claim personal jurisdiction doctrine as it is now properly understood.

Why are nationwide service provisions "a key ingredient for" pendent claim personal jurisdiction? Because service of process is a prerequisite to exercising personal jurisdiction over a defendant. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 409 (2017) ("[A] basis for service of a summons on the defendant is prerequisite to the exercise of personal jurisdiction.") (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)); *see also Walden v. Fiore*, 571 U.S. 277, 283 (2014) ("[A] federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant."); *Canaday v. Anthem Cos., Inc.,* 9 F.4th 392, 395 (6th Cir. 2021) ("How does a federal court obtain personal jurisdiction over a defendant in a civil lawsuit? . . . Over time, service of process became a prerequisite

3

for obtaining authority over a defendant, making it appropriate to say that 'service of process conferred jurisdiction.'") (quotations and citations omitted)).

Federal Rule of Civil Procedure 4(k) authorizes service of process and gives federal courts personal jurisdiction over a defendant in certain circumstances. Such circumstances include when a federal statute authorizes nationwide service of process, and when the defendant "is subject to the jurisdiction of a court of general jurisdiction" in the forum state. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014); Fed. R. Civ. P. 4(k). None of CSXT's claims in this case are based on a federal statute that contains a nationwide service provision. Instead, in this diversity-jurisdiction context, the Court considers whether Zayo is subject to the jurisdiction of a court of general jurisdiction in Indiana. Thus, the Court looks to Indiana Trial Rule 4.4(a), Indiana's long-arm provision, which expands personal jurisdiction to the extent permitted by the Due Process Clause. *See LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 965–66 (Ind. 2006).

There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *Vanegas*, 113 F.4th at 722. CSXT does not assert general jurisdiction, only specific jurisdiction. "Specific jurisdiction lets a court decide only claims relating to a 'defendant's contacts with the forum.'" *Id.* at 723 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed [its] activities at the forum state or purposefully availed [itself] of the privilege of conducting business in that state, and (2) the alleged injury arises out of the

4

defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). When "the plaintiff's claims are for intentional torts," as the claims are here, "the inquiry focuses on whether the conduct underlying the claims was purposely directed at the forum state." *Id.* Moreover, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.' For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown,* 564 U.S. 915, 919 (2011)).

CSXT agrees that the nationwide service provision in *Robinson* "was 'a key ingredient' for the application of" the pendent claim personal jurisdiction doctrine because it "created personal jurisdiction over the defendant" and "provided a basis for the court to consider whether [to] extend personal jurisdiction to related pendent claims." (CSXT's Obj. to R&R 10 (acknowledging that without the nationwide service provision, "there could not have been pendent claim personal jurisdiction"), ECF No. 735.) And CSXT asserts that "there is no dispute that Indiana's long-arm statute creates personal jurisdiction over Zayo on . . . CSXT's claims arising out of Zayo's conduct in Indiana." (*Id.* at 11.) So far, so good. But from there, CSXT argues that the Court only needs personal jurisdiction over a defendant on at least one claim,

5

which then serves as an "anchor claim," allowing the Court to extend personal jurisdiction to related pendent claims. (CSXT's Obj. to R&R 11–12, ECF No. 735.)

This argument ignores basic principles underlying personal jurisdiction and due process: First, "[w]hether a court has personal jurisdiction over a defendant depends on the defendant's contacts with the State in which the plaintiff filed the lawsuit." *Canaday,* 9 F.4th at 396. Second, the personal jurisdiction analysis is claim specific. *Bristol-Myers,* 582 U.S. at 265 ("What is needed . . . is a connection between the forum and the specific claims at issue."); *see also International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945) (noting that a plaintiff may not "su[e] on causes of action unconnected with [a defendant's] activities" in the forum). CSXT seeks to have the Court analyze personal jurisdiction at the level of the entire suit, not at the level of each claim.

"In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Bristol-Myers*, 582 U.S. at 264 (quoting *Goodyear Dunlop Tires,* 564 U.S. at 919 (cleaned up)). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.*; *see also Goodyear Dunlop Tires*, 564 at 931, n. 6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."). The Court may not exercise specific personal jurisdiction over claims that do not arise from the

6

defendant's conduct in the forum state. Therefore, in this case, the Court may not extend personal jurisdiction to Zayo's alleged tortious acts that took place in Illinois.

CSXT argues that "jurisdiction obtained under a state long-arm statute is an appropriate anchor for the exercise of pendent-claim personal jurisdiction." (CSXT's Obj. to R&R 11 (citing *Doe v. Cotterman*, No. 17 C 58, 2018 WL 1235014, at *5 (N.D. Ill. Mar. 9, 2018); *Jackson v. N'Genuity Enters.*, 2010 WL 3025015, at *6 (N.D. Ill. Aug. 2, 2010); *Rice v. Nova Biomedical Corp.*, 763 F. Supp. 961, 966 (N.D. Ill. 1991), *aff'd*, 38 F.3d 909 (7th Cir. 1994), ECF No. 735.) But none of the cases CSXT cites remotely suggests that an anchor claim under the forum state's law for conduct allegedly occurring in the forum state supports pendent claim personal jurisdiction over conduct allegedly occurring outside the forum state. *See Doe*, 2018 WL 1235014, at *6 (stating "all four claims stem directly from [the defendant's] alleged [conduct] in [the forum state]"); *Jackson*, 2010 WL 3025015, at *4 (in determining where the tort occurred, the court looks to where the plaintiff was injured and all the injuries occurred in the forum state); *Rice*, 763 F. Supp. at 965–66 (all tortious conduct occurred in forum state). Neither *Vanegas* nor *Robinson* makes such a suggestion either; to do so would be in tension with *Bristol-Myers* and *International Shoe*.

That leaves CSXT's argument that the Court need not resort to pendent claim personal jurisdiction because it has personal jurisdiction over Zayo under Indiana's long-arm statute. (CSXT's Obj. to R&R 3, 11, 13–17, ECF No. 735.) Putting aside that the personal jurisdiction analysis is claim specific, in the context of intentional

7

torts, personal jurisdiction has three requirements: "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Tamburo*, 601 F.3d at 703.  CSXT's claims arising out of Zayo's alleged acts taken on property located in Illinois were not aimed at Indiana.  Therefore, the Court lacks personal jurisdiction under Indiana's long-arm statute for such claims.

The Court appreciates Magistrate Judge Dinsmore's prompt and thoughtful attention to this matter and his ongoing efforts with the extensive pretrial matters in this case.  Judge Dinsmore's efforts have ensured the just and speedy determination of issues presented not only in this case, but also in other cases before the Court.

## Conclusion

Accordingly, the Court reconsiders the prior decision on personal jurisdiction and concludes that it lacks personal jurisdiction over the Illinois-based claims in this case. The Court **OVERRULES** CSXT's objections to Magistrate Judge Dinsmore's Report and Recommendation, (ECF No. 735); **ADOPTS** Magistrate Judge Dinsmore's Report and Recommendation, (ECF No. 733); and **GRANTS IN PART** Zayo's Motion to Dismiss, (ECF No. 19), **DISMISSING for lack of personal jurisdiction** CSXT's claims arising from alleged conduct taken on CSXT's property located in Illinois.  Any third-party claims based solely on the Illinois-based claims are likewise **DISMISSED** for lack of personal jurisdiction.

**SO ORDERED.**

Date: 11/15/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to Magistrate Judge Dinsmore
   and by CM/ECF to registered counsel of record